275 So.2d 131

**R. C. BOTTLING COMPANY et al.**

v.

**Billy R. SORRELLS.**

**SC 175.**

Supreme Court of Alabama.

March 8, 1973.

Rehearing Denied April 5, 1973.

James M. Prestwood, Andalusia, for appellee.

Powell & Sikes, Andalusia, for appellants.

JONES, Justice.

This is an appeal from a judgment entered on a jury verdict of $20,000.00 in favor of the plaintiff-appellee, Billy R. Sorrells, and from a later judgment denying defendants-appellants' R. C. Cola Bottling Company and Joe Weaver, motion for a new trial. The complaint had one count, which alleged that appellant Weaver, while acting within the line and scope of his authority as agent, servant or employee of appellant, R. C. Cola Bottling Company, negligently operated a truck owned by appellant bottling company so as to cause the same to collide with the automobile which appellee was driving at the time; and that as a proximate result thereof, appellee was caused to suffer personal injury and the acute aggravation of a pre-existing arthritic condition.

On November 13, 1970, the appellee was driving his automobile in or near Sanford, Alabama, on U. S. Highway 84. Weaver, driving a R. C. Cola Bottling Company truck loaded with soft drinks, was proceeding along the same highway in the process of making his routine deliveries. Sorrells came up behind the R. C. Cola truck and started to pass and go around. At that moment, Weaver attempted to turn left into the driveway of a customer. The resulting collision is the basis of this suit.

■ Appellants bring five assignments of error, but of these, only assignments two through five are argued in brief and can be considered.

Appellants' assignment of error number 2 is as follows:

"The Trial Court committed error in sustaining objection of counsel for the appellee to the question of counsel for appellants which action was as follows:

" 'RE-CROSS EXAMINATION:

"BY MR. SIKES:

"Q Did you hear him say he was charging you with passing improperly

"MR. PRESTWOOD: We object to that.

"THE COURT: Yes, sustain.' "

On direct and re-direct examination Sorrells testified, without objection, concerning a conversation he had with the state trooper investigating the accident. He related what the trooper had said about dirty turn signals being difficult to see in the sun, his driver's license, his insurance, and things of that nature. Sorrells concluded by saying, ". . . but that outside of the accident that's all I recalled him asking me specifically."

■ On re-cross examination the court sustained counsel for appellee's objection when appellants' counsel asked the question set out in the above assignment of error. Appellants contend such ruling was reversible error on the theory that where part of a conversation has been introduced into evidence by one party then all of the conversation may be brought out by the other party even though the conversation might be hearsay. As authority for this contention, appellants cite four cases of this Court which, under the particular circumstances of those cases, do support appellants' theory.

While appellants' general proposition is well established, we must hasten to add that said rule is subject to an important qualification; i. e., those parts of the previously introduced conversation relating to entirely separate and independent subjects, or to matters not relevant to the issues on trial, may not be brought out. 58 Am.Jur. at 353.

■ The precise problem presented by the instant case was answered by this

Court in Bank of Phoenix City v. Taylor, 196 Ala. 665, 72 So. 264, as follows:

> "The rule that irrelevant, incompetent, or illegal evidence may be admitted without error to rebut evidence of a like character, must be limited to cases in which the rebuttal is confined to the evidential fact to which such evidence was first adduced. It is not contended, of course, that such evidence, once admitted, opens the way to the adverse party for the indiscriminate introduction of like evidence touching the ultimate facts in litigation. The rebuttal in such cases by irrelevant, incompetent, or illegal evidence, must be limited to such evidence of the same character as tends directly and strictly to contradict that which has been received."

Applying the above rule to the present case we see that if counsel for the appellants had asked the appellee on re-cross if the trooper did not in fact also comment to him how clean the truck's turn signals were, or how cloudy it had been all day, such would have been quite proper. But, here the appellee was asked to give hearsay testimony amounting to an opinion of the trooper touching on an ultimate issue of fact in the case (Sorrells' contributory negligence). Consequently, we find the question was improper and the trial court committed no error in sustaining the objection.

Appellants' assignment of error number 3 is as follows:

> "The Trial Court committed error in sustaining objection by counsel for appellee to argument of counsel for appellants before the jury wherein the following occurred:
>
> " 'Further in his argument, Mr. Sikes made the following remark:
>
> " 'It was some six weeks before he went to the doctor.'
>
> "WHEREUPON, the following colloquy took place:

> "MR. PRESTWOOD: Now we object to that argument. There is no evidence that he didn't try to see the doctor.
>
> "THE COURT: Yes, sustain."

■■ We have often stated that great latitude should be given counsel in the content and scope of their closing arguments. Every fact the testimony tends to show, every inference counsel may think arises from the evidence, the credibility of the witnesses, as revealed by their manner, the reasonableness of their story, and many other considerations, are legitimate subjects of criticism and argument. Argument is intended to aid the jury in reaching a just and reasonable verdict; though the trial judge may use his discretion in controlling counsel's arguments, he must not limit too narrowly counsel's right to draw inferences from testimony before the court, and if he does so, reversible error is committed. Alabama Power Co. v. Goodwin, 210 Ala. 657, 99 So. 158; Birmingham Railway and Electric Co. v. Wildman, 119 Ala. 547, 24 So. 548; Cross v. State, 68 Ala. 476.

■■ In our adversary system of jurisprudence, the discretion of the trial court to control the conduct of the trial must not be exercised so as to unduly circumscribe the legitimate role of counsel. We are constrained to hold that the trial court abused its discretion in sustaining the objection to counsel's argument.

Appellants' assignments of error four and five take the points that the verdict is excessive and that a new trial should have been granted the appellants. Since appellants have argued these assignments together in brief, we will discuss their merit in the same manner.

■ It is apparent from the record that the jury determined that the appellee suffered to a permanent degree an acute aggravation of a pre-existing arthritic condition as a proximate result of the collision which is the basis of this litigation. This

Court has stated numerous times that a jury verdict must be given great weight and will not be set aside except where justice demands. The trial court heard the evidence, observed the witnesses, and refused to grant a new trial. Upon a careful review of the record before us, we are at the conclusion that the verdict is not excessive as a matter of law. Vest v. Gay, 275 Ala. 286, 154 So.2d 297; Chambers v. Culver, 289 Ala. 724, 272 So.2d 236.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.