329 So.2d 556

**WINN–DIXIE MONTGOMERY, INC.**

**v.**

**Joe R. HOLT and Molly F. Holt.**

**Civ. 590, Civ. 590–A.**

Court of Civil Appeals of Alabama.

March 3, 1976.

Rehearing Denied March 31, 1976.

Davies, William & Wallace, Birmingham, for appellant.

John E. Lunsford and Lawrence B. Clark, Birmingham, for appellees.

**WRIGHT, Presiding Judge.**

Verdict and judgment for plaintiff in two cases consolidated for trial are appealed by defendant. We affirm.

Joe R. Holt and Molly Holt filed suits for damages arising out of an automobile accident in which Molly Holt was injured and the automobile of Joe Holt was damaged.

The accident occurred on June 6, 1973, on U. S. Highway 31 in Montgomery County. At the place of the accident Highway 31 is four lane with a grass median separating the north and southbound lanes. It had rained steadily all day and was raining at the time of the accident just after noon. Molly Holt was traveling north from Montgomery toward Birmingham in the right lane of the northbound traffic lanes. She was driving a new Ford automobile purchased at Auburn, Alabama that morning.

Defendant's driver was traveling south toward Montgomery driving an empty tractor-trailer unit. His testimony was that he was traveling in the lane nearest the median, passing or having just passed another vehicle traveling in the outside lane going in the same direction.

While driving his unit in a straight line, defendant's truck began to skid and the trailer jackknifed. The unit came into, through and across the grass median into the northbound lanes of the highway. Some part of the unit struck the Holt automobile. At the time of impact, the Holt car was all or partially off the pavement onto the shoulder of the highway and was stopped. Mrs. Holt had seen the truck as it began to skid and come toward her across the median and had pulled as far to her right as she could without going into a deep ditch. After impact, defendant's truck and trailer traveled another 50 feet back into the median and came to a stop in a jackknifed position.

Defendant's driver stated he was traveling 40 to 45 miles per hour at the time the skid began. He had done nothing to the unit to cause it to veer from a straight line and begin to skid. He knew the highway was wet and contained pools of water. He had driven loaded from Montgomery to Tuscaloosa before dawn. There he was unloaded and began his return to Montgomery. It had rained on him all the way. The tires and mechanical condition of the truck were good. He knew that his truck had a tendency to skid on wet pavement. He knew of no cause for its skidding. The grass median was wet and soft. The truck left visible tracks through the median bringing large amounts of mud, grass and rock with it onto the north lanes of the highway and back into the median where it stopped.

After hearing the evidence and the court's charge the jury returned a verdict for Mrs. Holt in the sum of $2,250.00 as damage for her injuries. Verdict for Mr. Holt was $1,800.00 for property damage, medical costs and loss of services of Mrs. Holt. At the close of plaintiff's evidence and after resting, defendant moved for a directed verdict. These motions were denied. After judgment defendant moved for a new trial. That motion was denied.

■■■ Defendant submitted 21 assignments of error. Of these, 13 assignments charge error in the refusal of requested instructions. Assignments 11 and 21 are not argued in brief and are waived. *R. C. Bottling Company v. Sorrells,* 290 Ala. 187, 275 So.2d 131. Rule 51, ARCP denies the right to assign as error on appeal the refusal of requested written charges unless the requesting party states objection together with grounds therefor at the close of the oral charge and before the jury retires to consider its verdict. An examination of defendant's objection to the court's charge fails to indicate objection to the refusal of any specific written charge. The objections stated and the grounds given cannot apply to charges referred to in assignments, 1, 6, 7, 10, 12, 13, 14, 15, 16, 17, 18, 19 and 20. These assignments are not for consideration on appeal. Rule 51 ARCP.

■■■ Assignment of error 2 complains of refusal of the following written charge:

"I charge you that you are authorized to consider as a measure of damage in personal property such as an automobile, the amount it would take to repair said automobile, to place it in the same or like condition it was before damage."

In support of its argument that Charge 2 was improperly refused defendant cites the case of *Dean v. Johnston,* 281 Ala. 602, 206 So.2d 610. That case involved damages to a commercial vehicle. The measure of damages is not the same as in the case involving a non-commercial vehicle. Defendant also cites the case of *Austin v. Tenn. Biscuit Co.,* 255 Ala. 573, 52 So.2d 190. That case stated the following principle which is the law applicable to this case:

"The general rule is that the measure of damages for injury to an automobile is the difference between the market value of the automobile immediately before the accident and its market value immediately after. . . . The difference between the value of an automobile before and after an injury may be shown by proof of a reasonable cost of restoring it to its original condition. *Webb v. O'Kelly,* 213 Ala, 214, 104 So. 505."

It can readily be seen that there is a distinction between the requested charge and the rule enunciated by *Austin v. Tenn. Biscuit Co., Supra.* The cost of repairs is not the measure of damages, but may be shown as a means of establishing such measure. The court stated the rule of *Austin* in its oral charge and the refusal of the requested Charge 2 was not error.

Assignment of error 3 addresses the oral charge concerning the evidence of repair costs. The court charged as follows:

"Again, not commenting on the evidence, because that is not my job, but I will say the evidence has been presented to you and regarding the question of repair estimates or repair bills, the jury is authorized and may consider the testimony in that regard in viewing the credibility of the testimony regarding fair market value as to whether it is reasonable or unreasonable. That is for you to say."

Though not an explicit statement of the relation of repair cost to fair market value as is found in *Austin,* we see no prejudice to defendant in the charge. It appears to us that the court merely said that the jury could lay the testimony as to repair costs

alongside the testimony of plaintiff as to market value before and after to determine if such testimony was credible, was reasonable or unreasonable. Thus, the jury could use repair costs in determining damages. We find no prejudicial error in the charge objected to. Rule 45, ARAP.

Defendant objected to the court's oral charge on the ground that it failed to charge a breach of duty as an essential element of plaintiffs' right of recovery. Defendant requested no such written charge. The case of *Stokely-Van Camp, Inc. v. Ferguson*, 271 Ala. 120, 122 So.2d 356 cited by defendant in support of his argument that failure to include such charge was error is not a case relating to a jury charge. It is rather a case concerning the material allegations of a common law complaint on negligence. It was stated there that there are three essential elements necessary to a right of recovery in an action for negligence. "First, a duty owing from defendant to plaintiff; second, a breach of that duty; and third, an injury to the plaintiff in consequence of that breach." This is a textbook statement of common law pleading and proof. We certainly have no quarrel with it. However, we have no complaint here as to pleading and proof but rather to an omission in an oral charge. There was no question that the proof showed that the accident occurred on a public highway. The driver of a vehicle traveling upon a public highway owes a duty to others lawfully thereon not to negligently cause or allow his vehicle to collide with them. *Williams v. Pope*, 281 Ala. 382, 203 So.2d 105. There can be no dispute from the evidence that Winn-Dixie owed a duty to Mrs. Holt not to negligently injure her and to Mr. Holt not to negligently injure his wife or damage his automobile. The evidence presented no question or conflict as to whether a duty was owed the Holts by Winn-Dixie. Winn-Dixie could have suffered no injury by the omission of such charge. Rule 45, ARAP.

Defendant next charges error in the refusal of its request for directed verdict on the ground that the evidence failed to prove negligence by defendant. Defendant submits that the testimony is devoid of any act of the driver which indicates negligence. The truck was being operated within the posted speed limit, on a straight road with no mechanical defects and with no action of defendant being shown to have caused the skid which brought injury and damage to plaintiffs. Defendant submits that the injury and damages of plaintiffs occurred when defendant's truck unexplainedly skidded without showing negligent operation by the defendant. The case of *National Biscuit Co. v. Neilson*, 256 Ala. 241, 54 So.2d 492 is cited as authority for the proposition that the mere showing of skidding does not establish negligence.

*National Biscuit* does discuss skidding and skidding cases from several jurisdictions. That case contains quotations from the case of *Kaczmarek v. Murphy*, 78 Ohio App. 449, 70 N.E.2d 784. A part of that quotation is as follows:

"The mere skidding of an automobile on an icy street does not necessarily prove negligence of the driver of the car. . . .

\*   \*   \*   \*   \*   \*

"For, while proof that the car skidded is not necessarily proof of its negligent operation, proof of circumstances which so connect the skidding with such operation that reasonable minds could reach different conclusions as to whether the car was operated properly, makes a case for a jury. . . ."

The opinion in *National Biscuit* said:

"But it is also the general rule that one driving on a slippery highway must take that condition into consideration and if there is evidence tending to show that the skidding was superinduced or accelerated by him, then it is for the

jury to determine whether or not the skidding resulted from the driver's negligence." (Citations omitted.)

It is true that the evidence in this case presents no direct proof of an act of negligence by defendant's driver. However, negligence does not require direct proof but may be inferred by a jury from circumstances out of which the injury arose. *Mobile Press Register, Inc. v. Padgett,* 285 Ala. 463, 233 So.2d 472. In this case, there was evidence that at the time of the accident it was raining and had been raining all day; there were pools of water on the highway. The driver knew his vehicle tended to skid on wet pavement. Though the truck was said to be traveling within the posted speed limit, the truck skidded, jackknifed, crossed the median sideways leaving deep tracks in the mud and grass, throwing mud, grass and rocks across the northbound lane of traffic. It struck plaintiffs' automobile, continued to skid for another 50 feet back into a jackknifed position in the median before coming to rest. The truck had just come off a one-lane bridge following another vehicle, but prior to the accident had overtaken and was passing the other vehicle at the time it began to skid.

It is from these circumstances that the jury could reasonably infer that the driver of defendant's vehicle failed to meet the conditions surrounding him as he traveled on a wet highway operating a vehicle, known by him to have a tendency to skid, as an ordinary prudent man would meet them.

In considering the propriety of a directed verdict, the tendencies of the evidence are viewed most favorably to the plaintiffs. If the evidence and reasonable inferences the jury is free to draw therefrom furnish a mere scintilla of negligence, the case must go to the jury. Unless the evidence is entirely free from doubt or adverse inference the question is for the jury. *Ala. Power Co. v. Guy,* 281 Ala. 583, 206 So.2d 594; *National Biscuit Co. v. Wilson, Su-*

*pra; Chesser v. Williams,* 268 Ala. 57, 104 So.2d 918. We find no error in refusal of the motion for directed verdict of defendant.

All of the grounds contained in the motion for new trial in each case have been argued and considered in various assignments of error. Therefore, there was no error in denying the motions for new trial.

The judgment below is affirmed.

·AFFIRMED.

BRADLEY and HOLMES, JJ., concur.