BRADLEY, Judge.
On June 28, 1976 appellant, Amelia A. Skipper, filed a petition in the Baldwin County Circuit Court asking that appellee, her former husband, be required to show cause why he should not be cited for contempt for failure to maintain $50 per week child support payments and for wilfully endangering the lives of their two children by permitting them to travel in a motor vehicle driven by an unlicensed fifteen year old boy and by allowing the children to go swimming without adult supervision. On this same day the court ordered the father to appear before it on July 16,1976 to show cause why he should not be punished for contempt.
On September 7, 1976, the date ultimately set for the hearing of the show cause order, the father’s attorney served a copy of the father’s answer to the show cause order and a petition for modification of the child custody decree on the mother’s attorney. That same day a hearing was held on the show cause order and the modification petition over the mother’s objection to trying the modification petition. After the hearing the court ordered the father to pay $380 to the register of the court as back child support and awarded custody of the two children to the father upon his payment of the $380. Specified visitation periods were allotted to the mother.
The issues presented by the mother in brief are: (1) the trial court erred in considering and awarding child custody during a hearing for contempt due to arrearage in child support payments, and (2) the evidence does not support a finding of changed circumstances which would authorize a change in custody of the children from the mother to the father.
As to the mother’s first issue, the father points out, and rightly so, that appellant did not argue this issue in her brief. Assignments of error under the old rules, or issues not argued in brief under the new rules, are deemed waived. Winn-Dixie Montgomery, Inc. v. Holt, 57 Ala.App. 499, 329 So.2d 556 (1976).
The mother’s second issue, and the only one argued in brief, is that the evidence is insufficient to prove changed circumstances of the parties so as to justify a change in the custody of the children.
The evidence shows that the father has remarried and is living in a large three-bedroom house on forty acres of land. He and his new wife both work and are able, both financially and otherwise, to properly care for the two children, who are now nine and seven years old. The father testified that he loves the children and they love him and want to live with him. On the other hand, the mother works for Bay Slacks in Bay Minette and commutes to her home be *797 tween Flomaton and Brewton. Her present husband has been out of work for several months and they live in a “tin-top shack.”
The record reveals that the trial court had made repeated efforts to obtain a report from the Escambia County Department of Pensions and Security on the home situation of the mother and had been unable to do so for the asserted reason that no one was ever home when agents of the Pensions and Security Department called on the mother. There is no objection or other comment in the record from either party directed to the court’s effort to obtain and use the results of a Pensions and Security Department investigation of the mother’s fitness to keep her children.
The record also reflects that the trial judge talked to the children in question “three or four times.” However, there is no transcript of these interviews in the record. Furthermore, no objection was voiced by either party to the interviews with the children by the judge.
In its decree the trial court based its modification of the prior custody decree by transferring custody of the children from the mother to the father on the pleadings, evidence submitted at the hearing, interviews with the children, and “having had this matter thoroughly investigated.”
We said in Cordell v. Poteete, 57 Ala.App. 645, 331 So.2d 400 (1976):
“. . . Where the trial court had the benefit of evidence not included in the record, and such evidence may have influenced the trial court’s decision, the unrecorded evidence is conclusively presumed to support the finding, which therefore cannot be disturbed on appeal
In the case at bar, the record reflects that the trial judge talked to the children several times. These conversations not being a part of the record, we cannot know their substance or their effect on the trial court. Furthermore the record discloses that the trial court had “the matter thoroughly investigated.” Again we cannot assess the effect of this evidence on the trial court since it is not a part of the record before us.
In the posture of the case before us, and in keeping with the above cited rule, we cannot disturb the judgment of the trial court on this appeal. We affirm.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.