The plaintiff sued the defendant for wrongfully taking the plaintiff's car. Additionally, the plaintiff alleged in her complaint that defendant had committed a trespass in taking the car. *Page 300 
At the close of the plaintiff's case before a jury, the defendant moved for a directed verdict. The learned trial judge granted the defendant's motion for a directed verdict and the plaintiff appeals.
The dispositive issue on appeal is whether the trial court erred in granting the directed verdict in favor of defendant. We find no such error and affirm.
At the outset, we note two general principles of law applicable in this instance. In considering the propriety of a directed verdict, the tendencies of the evidence are viewed most favorably to the plaintiff. See, Winn-Dixie Montgomery,Inc. v. Holt, 57 Ala. App. 499, 329 So.2d 556 (1976); 18A Ala. Digest Trial 178. However, it is the office of a directed verdict motion to test the sufficiency of the opponent's evidence. When the strongest tendencies of all the evidence fail to make out a case for the plaintiff or the evidence without conflict makes out a case for the opposing side, the motion is due to be granted. Coburn v. American Liberty Ins.Co., Ala., 341 So.2d 717 (1977); Chandler v. Hunter, Ala.Civ.App., 340 So.2d 818 (1976); 18A Ala. Digest Trial 168.
In this instance, the plaintiff's evidence reveals the following:
In October of 1977, the plaintiff purchased an automobile with proceeds from a loan obtained from the Union Bank and Trust Company. The loan agreement called for monthly installment payments. The agreement contained provisions authorizing acceleration of the loan and repossession of the collateral in the event of default. In addition, the agreement contained the following provision:
 No waiver by the Lender of any default shall be effective unless in writing nor operate as a waiver of any other default or of the same default on a future occasion.
There was evidence that some of the plaintiff's payments were late. However, each of the late payments was accepted by the bank. A partial payment was made in May, 1978. No payments were made in June, 1978.
On July 6, 1978, the plaintiff went to the bank to ask permission to pay the remainder of the May, 1978, installment on the following Friday. The plaintiff testified that the bank's employee told her that it would "be fine" to make such a late payment. On this same date, July 6, 1978, the defendant, on instructions from the bank, repossessed the automobile.
The plaintiff by her own testimony admitted that the repossession was effected without a breach of peace and that she was in default on that date. The plaintiff also concedes that the defendant was the duly authorized agent of the bank.
As we perceive the plaintiff's brief, it is her contention that the bank did not have a right to possession in that the bank waived the late payments and was, in view of the facts as indicated above, estopped from repossessing the automobile. Put another way, the bank was not entitled to possession.
As we perceive the recent supreme court case of Hale v. FordMotor Credit Co., Ala., 374 So.2d 849 (1979), we have no alternative but to affirm the decision of the trial court.
In Hale, supra, the supreme court held that a security agreement is effective according to its terms. Further, the late payments of a debtor cannot raise an estoppel against the contractual interest of the creditor under the express terms of a security agreement such as we have in this instance.
In the instant case, as a matter of law, there could have been no waiver of late payments under the loan agreement because there was no written waiver and because no prior waiver could have excused the existing default. Thus, the repossession was lawful, and the directed verdict in favor of the defendant was not error.
We would be remiss in not commenting that were it not for the decision of Hale, supra, it would appear to this court that the reasoning in Ott v. Fox, Ala., 362 So.2d 836 (1978); and Bankof Huntsville v. Witcher, Ala.Civ.App., 336 So.2d 1384 (1976), would *Page 301 
require an opposite result. Under the rationale of these two cases where there was evidence of conduct such as we have in this case and a bank accepting late payments, there would be a jury question of whether the bank was estopped from repossessing the collateral unless it gave prior notice and demanded payment.
In the instant case, the evidence could be interpreted to mean that the bank had created a situation whereby the plaintiff was justified in expecting the bank to continue accepting late payments without repossessing the automobile.
As noted above, however, Hale, supra, is dispositive of this appeal and the trial court is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.