ADAMS, Justice.
This is an appeal from a final judgment of the Circuit Court of Madison County awarding the appellee, Baby Girl Varnes (Baby Girl), the sum of $125,000.00, for personal injuries received in an automobile accident, and awarding the State of Alabama the sum of $530.00. Baby Girl had incurred $4,541.26 in medical expenses for treating the injuries. Of this, $530.00 was paid under the State’s Medicaid program. The judgments are against Crescent Transit, Inc., (Crescent) and Gilbert Arthur Mitchell (Mitchell).
The facts are rather straight-forward. On November 27, 1978, Baby Girl, who was seven months old, was a passenger in her foster parents’ automobile as it proceeded along a thoroughfare in Huntsville, Alabama. A school bus owned by Crescent, driven by Mitchell, entered the thoroughfare from an intersecting street, ran a stop sign and collided broadside with the automobile.
Baby Girl suffered severe facial injuries. A skin graft was required to repair severe lacerations to her right eyelid. Further plastic surgery may be required to repair severe lacerations to her right eyelid when she is five or six years old, and again to revise her scars when she is a teenager. These procedures will cost about $850.00 to $1,050.00 and $650.00, respectively. Baby Girl contracted meningitis the day following the accident, caused by her injuries in the opinion of her pediatrician. At the time of trial, Baby Girl could not close her eyelid. Furthermore, it had to be taped shut when she slept. She also suffered permanent facial scars.
*235 The original complaint filed in this case asked for $100,000.00 in damages because of negligent and wanton injury to the plaintiff. On the second day of trial, plaintiff amended her complaint to increase the ad damnum from $100,000.00 to $250,000.00; this amendment was allowed by the trial court over defendant’s motion to strike, It presented, for the first time, a claim in excess of the public insurance policy limits of Crescent. Crescent did not make this fact known to the trial judge when it argued its motion to strike, nor did it ask for a continuance on the grounds of exposure in excess of coverage. This was communicated to the trial judge only after a verdict had been brought in by the jury for $125,-000.00. In its motion for new trial, Crescent argued that to have revealed its policy limits to the court at the time it argued its motion to strike would have contravened the policy considerations of Rule 26(b)(2), ARCP, which protects from discovery the amount of coverage under any insurance agreement.
In the course of its closing argument, counsel for Crescent and Mitchell made the following statement to which counsel for Baby Girl objected, viz.: “I would suggest that $5,000.00 invested each six months at 14.956 percent.... ” The trial court sustained the objection, stating, “I think your argument should be on present value. I don’t think you have any basis for the argument that you are making now.”
The issues framed by the briefs of the parties are as follows:
(1) Did the trial court err in overruling defendants’ motion to strike plaintiff’s amendment to her complaint increasing the damages claimed?
(2) Did the trial court err in sustaining plaintiff’s objections to closing argument of counsel for defendants regarding an investment of an award at 14.956 percent?
(3) Did the trial court err in denying defendants’ motion for new trial?
We answer in the negative to each issue and affirm.
I.
Rule 15(a), Alabama Rules of Civil Procedure, provides in part:
... A party may amend his pleading once as a matter of course or at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading without leave of court but subject to disallowance on the court’s own motion or motion to strike of an adverse party; but such amendments shall be freely allowed when justice so requires. [Emphasis added.]
In the case of Bracy v. Sippial Electric Company, Inc., 379 So.2d 582 (Ala.1980), the trial court granted plaintiff’s motion to amend at the beginning of trial. This amendment added a fraud count and increased the ad damnum clause. This court, speaking through Justice Bloodworth, held as follows:
ARCP 15 expressly provides that amendments should be freely allowed when justice so requires; and our rule regarding amendments is that Rule 15 should be liberally construed within the sound discretion of the trial judge. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Guthrie, 338 So.2d 1276 (Ala.1976). The party opposing the amendment must show that the amendment would cause actual prejudice or undue delay in order to bar an amendment. Miller v. Holder, 292 Ala. 554, 297 So.2d 802 (1974); Poston v. Gaddis, 372 So.2d 1099 (Ala.1979).
The plaintiff’s attorney, having demonstrated a case of clear liability, as well as substantial permanent injuries and disfiguration, acted properly in asking for an increase in the ad damnum clause. The trial court was within the bounds of its discretion in allowing the amendment unless the defendant demonstrated prejudice. Here, no evidence of prejudice was offered, when plaintiffs moved to amend.
Appellants argue that they are protected from divulging the amount of their *236 policy limits by reason of Rule 26(b)(2), ARCP. This rule prohibits discovery of the amount of insurance coverage, while at the same time it allows discovery of the fact of coverage. In the case before us, plaintiff was not seeking, by discovery, the amount of coverage. In the context of this case, the appellants cannot have it both ways. They cannot withhold the amount of coverage hoping for a judgment less than coverage (also restricting the plaintiff in her demands for settlement), and then complain that the judge should not have allowed the amendment when there is a judgment in excess of coverage. This is especially true when the defendant did not ask for a continuance. We hold that the policy considerations of Rule 26(b)(2), ARCP, must yield when we weigh the right of the defendant under that rule with the need of the Rial judge to have facts necessary to exercise his discretion under Rule 15, ARCP.
II.
The second issue raised by appellants is whether the trial court erred in sustaining plaintiff’s objections to the closing argument of counsel for defendants regarding investment of an award at 14.956 percent. Counsel for defendants argued that the trial judge precluded him from making an argument on the present worth of prospective damages as authorized by Louisville & N. R. Co. v. Steel, 257 Ala. 474, 59 So.2d 664 (1952). In fact, counsel contends that the trial court precluded him from making any mathematical argument. Counsel further argues that the trial court unduly restricted him from arguing the inferences from the testimony as authorized by R. C. Bottling Company, et al. v. Sorrells, 290 Ala. 187, 275 So.2d 131 (1973); Alabama Power Co. v. Goodwin, 210 Ala. 657, 99 So. 158 (1923); and Birmingham Railway & Electric Co. v. Wildman, 119 Ala. 547, 24 So. 548 (1898). A close examination of the colloquy between trial judge and counsel concerning this issue convinces us that appellant’s claims are without merit. The complete discussion of the court and counsel is as follows:
(Mr. Patrick Richardson summed up to the jury on behalf of the defendants, and during same the following occurred:)
MR. HUCKABY: We object to this line of argument Your Honor.
THE COURT: Sustained.
MR. PATRICK RICHARDSON: I would suggest that $5,000 invested each six months at 14.956 percent—
MR. HUCKABY: We object to this line of argument, Your Honor.
THE COURT: Mr. Richardson, I have sustained the objection to that line of argument. I don’t think it is proper in this case. Move along to something else.
MR. PATRICK RICHARDSON: I am merely setting out the mathematical figures, Your Honor.
THE COURT: There is no evidence in this case about any 14 percent figures.
I think that is what your objection is.
MR. HUCKABY: We object to his argument of investing any money. The child has got to live during that time.
THE COURT: Come up here just a moment, please. I am going to sustain the objection to any mathematical argument. I don’t think it is proper at this point, without some evidence to substantiate it.
MR. PATRICK RICHARDSON: Is the Court ruling that we are not permitted to argue interest on any award for damages?
THE COURT: I think your argument should be on present value. I don’t think you have any basis for the argument that you are making now. That’s my ruling. Okay?
It is quite obvious that the judge sustained plaintiff’s objection to defendants’ present value argument based on the fact that there was no evidence that 14.956 percent was the proper interest rate. Defendants’ counsel could not make a mathematical calculation based on an interest rate that was not in evidence. Osborn v. Brown, 361 So.2d 82 (Ala.1978); Walker v. Cardwell, 348 So.2d 1049 (Ala.1977); Adams v. State, 291 Ala. 224, 279 So.2d 488 (1973).
III.
The defendants’ motion for new trial was predicated solely on the error alleged in *237 issues I and II presented for review. Having concluded that defendants’ arguments concerning these issues are without merit, we hold that the trial court did not err in overruling defendants’ motion for new trial.
Therefore, the judgment below is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.