HOLMES, Judge.
This is a negligence case.
Wambles sued Davis and Crane, claiming damages for personal injury and injury to property. A jury returned a verdict in favor of Wambles and against Davis and Crane and assessed property damages at $1,500. Damages for personal injury were not awarded.
Wambles appeals, contending, among other things, that the trial court erred in instructing the jury that it could not award property damages in excess of the reasonable cost of repairs.
We reverse.
The record reveals that Wambles’ automobile was damaged in a traffic accident. At trial Wambles testified that the reasonable market value of the automobile prior to the accident was $3,000 and that its reasonable value after the accident was $150. Wambles also testified, without objection, that in his opinion repair costs would total at least $2,000.
The trial court gave the following instruction to the jury:
I will tell you that the measure of damages for property damage is the difference in the reasonable market value of the property injured just before the injury and just after the injury. Not to exceed the reasonable cost of repair. . . . ”
Wambles, through counsel, made timely and proper objection.
Wambles contends that the instruction was erroneous and we agree.
The trial court instructed the jury that recoverable damages could not exceed the reasonable cost of repairs. That is not the law, but rather the converse is the correct *946 rule. Evidence of the reasonable cost of repairs can be used to establish the difference in market values and the plaintiff can thus, in effect, recover the cost of repairs, but in no event can the amount of recoverable damages exceed the difference between the before and after value of the automobile. Merrill v. Badgett, Ala.Civ.App., 385 So.2d 1316, writ denied, 385 So.2d 1319 (1980); Smith v. Springsteen, Ala.Civ.App., 385 So.2d 56 (1980); Winn-Dixie Montgomery, Inc. v. Holt, 57 Ala.App. 499, 329 So.2d 556 (1976); Fuller v. Martin, 41 Ala.App. 160, 125 So.2d 4 (1961); 7A Ala.Digest, Damages § 113; Alabama Pattern Instructions — Civil, § 11.24 (1974).
In the instant case there was evidence that the difference between the before and after value of the automobile was $2,850. The jury awarded $1,500 as damages. Since the trial court’s jury instruction erroneously limited the measure of recoverable damages, we cannot say that the error was harmless. For this reason the case must be reversed.
We find that we must make one further comment regarding this case and that we would be remiss in failing to do so.
Wambles, through counsel, on appeal presented five issues in addition to the issue discussed above. The presentation of those issues was not sufficiently in compliance with Rule 28, ARAP, to be considered by this court. In any event, discussion of those issues is pretermitted by the reversal of the case.
The case is due to be reversed.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.