David E. Johnson appeals from a summary judgment granted in favor of Central Bank of the South on his claim alleging conversion, wrongful repossession, wrongful detention, and misrepresentation.
On January 27, 1984, Johnson executed a note and a security agreement for $16,300 to Central Bank for the purchase of an automobile. In May 1985, Johnson defaulted on the note and Central Bank repossessed the automobile.
The note/security agreement contained a repossession clause that gave Central Bank the right to repossess without notice to the debtor. The agreement also contained both a non-modification clause, which required any changes in the agreement to be made in writing, and a non-waiver clause, which gave the lender the right to delay the enforcement of any of its rights under the agreement without destroying those rights in other instances.
Johnson argues on appeal that a jury question was presented as to whether Central Bank should be estopped from repossessing the automobile, since it was repossessed without giving Johnson prior notice, and whether the seizure of the automobile amounted to a conversion.
We affirm the judgment of the trial court on the authority of Williams v. Ford Motor Credit Co., 435 So.2d 66
(Ala. 1983), and Hale v. Ford Motor Credit Co.,374 So.2d 849 (Ala. 1979). This Court in Williams v. FordMotor Credit Co., at 68, stated:
 "We think our decision in Hale v. Ford Motor Credit Co., 374 So.2d 849 (Ala. 1979), in which this Court delineated the rights and obligations of the parties under the terms of a security agreement containing both a non-waiver acceleration clause and a non-modification clause, is controlling here. In Hale, supra, this Court ruled that the secured party is not required to give notice to the debtor prior to repossession, even though past-due *Page 970 
payments have been accepted on previous occasions. Further, this Court concluded that a security agreement is effective according to the terms expressed in the agreement and that the inadvertence of the debtor in failing to make timely payments cannot raise an estoppel against the contractual interest of the creditor under the express terms of the security agreement, when there has been no written modification as required by the terms of the agreement. 374 So.2d at 853; McAllister v. Langford Investigators, Inc., 380 So.2d 299, 300 (Ala.Civ.App. 1980)."
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.