STEAGALL, Justice.
Plaintiffs Tim and Janice Hudak, Robert Kruse, and Central Tool & Supply Company appeal from a summary judgment in *937 favor of defendants Central Bank of the South, Wayne D. O’Stean, and Max L. Smith on all counts of their complaint, specifically fraud, misrepresentation, conversion, conspiracy, negligence, and slander. We affirm.
Tim Hudak and Robert Kruse are partners in Central Tool & Supply Company (“CT & S”), a construction materials company; Wayne O’Stean and Max Smith are president and vice-president, respectively, of Central Bank. CT & S obtained three loans from Central Bank: two on May 2, 1985, and one on May 31, 1985. The two loans on May 2 were for $6,425.88 and $12,895.59 and were secured by certificates of deposit worth $6,502.69 (owned by the Hudaks) and $13,129.30 (owned by Tim Hu-dak and Kruse). The maturity dates on the May 2 loans were July 30, 1985, and July 31, 1985. The May 31 loan was for $40,-000, with a maturity date of July 1, 1985, and was secured by $100,000 worth of inventory. Prior to the maturity date on the $40,000 loan, Central Bank notified Tim Hudak and Kruse that the loan could not be renewed unless Tim and Janice Hudak gave Central Bank a second mortgage on their residence, which they refused to do.
On July 1, 1985, CT & S paid the $40,000 loan in full (both principal and interest) with $15,000 it borrowed from another bank and approximately $25,000 of Tim Hudak’s personal funds. When the May 2 loans came due on July 30 and 31, CT & S did not pay the interest due, nor did it make renewal notes. Central Bank sent Tim Hudak and Kruse a letter dated September 4, 1985, telling them that their notes were over 30 days past due, that the bank could not carry a note secured by certificates over 30 days delinquent, and that the bank had surrendered the certificates on August 31, 1985, to satisfy the notes.
The issue is whether there exists a scintilla of evidence on the plaintiffs’ claims so as to preclude summary judgment in favor of the defendants. With regard to the fraud and conversion counts, the plaintiffs basically contend that Central Bank led them to believe that they could renew the May 2 loans after maturity based upon the bank’s past practice of allowing them to renew previous loans after maturity. More specifically, Tim Hudak and Kruse argue that the alleged representation by Central Bank that they could renew the May 2 loans “umpteen times” estopped defendants from applying the certificates of deposit to the unpaid balance of the loans. The security agreement on both notes provided:
“5. BORROWER’S FAILURE TO PAY AS REQUIRED:
[[Image here]]
“(B) DEFAULT
[[Image here]]
“Even if, at a time when I am in default, the Lender does not require me to make immediate Payment in Full as described above, the Lender will still have the right to do so at a later time, [if] I am in default again.”
The very argument CT & S makes here was answered in response to a certified question from the United States Court of Appeals, Fifth Circuit, in Hale v. Ford Motor Credit Co., 374 So.2d 849, 853 (Ala.1979), where we held that “[t]he inadvertence of the debtor ... cannot raise an estoppel against the contractual interest of the creditor under the express terms of the security agreement.” Applying Hale in Williams v. Ford Motor Credit Co., 435 So.2d 66, 68 (Ala.1983), we stated:
“In Hale, supra, this Court ruled that the secured party is not required to give notice to the debtor prior to repossession, even though past-due payments have been accepted on previous occasions. Further, this Court concluded that a security agreement is effective according to the terms expressed in the agreement and that the inadvertence of the debtor in failing to make timely payments cannot raise an estoppel against the contractual interest of the creditor under the express terms of the security agreement, when there has been no written modification as required by the terms of the agreement. 374 So.2d at 853; McAllister v. Langford Investigators, Inc., 380 So.2d 299, 300 (Ala.Civ.App.1980).”
*938 While we recognize that “inclusion in the security instrument of a nonwaiver of the acceleration clause does not, of itself and under all circumstances, preclude, as a matter of law, the operative effect of the equitable principles inherent in the doctrine of estoppel,” Auto-Plaza, Inc. v. Central Bank of Alabama, N.A., 394 So.2d 6, 9 (Ala.1980), enforcement of the provisions of the agreement here would not work an injustice. Tim Hudak admitted in his deposition that he had been notified several times by Central Bank between the end of July and the end of August about the maturity of the May 2 loans; that he knew he had to sign new notes in order to renew the loans; that he promised to do so; and that he had failed to sign new notes.
We do not find a scintilla of evidence to support any of the plaintiffs’ claims; therefore, the defendants’ summary judgment on all counts is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.