INGRAM, Justice.
William T. Williamson and Flora V. Williamson appeal from a summary judgment entered in favor of Nissan Motor Acceptance Corporation (“Nissan”) and Scott Campbell on their claim alleging misrepresentation, conversion, and wrongful repossession.
On February 1, 1989, Mr. Williamson purchased a new 1989 Nissan automobile and financed it through Nissan. The “Retail Installment Contract” created a security interest in Nissan, with a right to repossess the ear upon default, without notice to the debt- or. The agreement also contained both a nonmodification clause, which required that any changes in the agreement be made in writing, and a nonwaiver clause, which gave the lender the right to -delay the enforcement of any of its rights under the agreement *242 without destroying the right to enforce the contract as written.
In October 1991, Mr. Williamson defaulted on the note, and Nissan repossessed the car. There is no contention that the repossession was not peaceful. Mr. Williamson and his wife Flora Williamson filed this action against Nissan and its agent Scott Campbell. Flora Williamson was not a party to the contract with Nissan. On this appeal the Williamsons make no argument regarding Scott Campbell; therefore, as to him the judgment is due to be affirmed. ’
The law is clear that a summary judgment is proper and must be affirmed on appeal if the evidence, viewed in a light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Lowe v. East End Memorial Hospital & Health Centers, 477 So.2d 339 (Ala.1985). Once the party moving for a summary judgment makes a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990). If the nonmovant fails to meet this burden, then a summary judgment must be entered in favor of the movant. Coggin v. Starke Bros. Realty Co., 391 So.2d 111 (Ala.1980).
It is undisputed that Mr. Williamson was in default for nonpayment at the time of the repossession. Given this default, Nissan acted within its contractual and statutory right to repossess the car.
Therefore, we also affirm the judgment as to Nissan. See Johnson v. Central Bank of the South, 514 So.2d 969 (Ala.1987); Williams v. Ford Motor Credit Co., 435 So.2d 66 (Ala.1983); and Hale v. Ford Motor Credit Co., 374 So.2d 849 (Ala.1979). This Court in Williams, at 68, stated:
“We think our decision in Hale v. Ford Motor Credit Co., 374 So.2d 849 (Ala.1979), in which this Court delineated the rights and obligations of the parties under the terms of a security agreement containing both a non-waiver acceleration clause and a non-modification clause, is controlling here. In Hale, supra, this Court ruled that the secured party is not required to give notice to the debtor prior to repossession, even though past-due payments have been accepted on previous occasions. Further, this Court concluded that a security agreement is effective according to the terms expressed in the agreement and that the inadvertence of the debtor in failing to make timely payments cannot raise an es-toppel against the contractual interest of the creditor under the express terms of the security agreement, when there has been no written modification as required by the terms of the agreement. 374 So.2d at 853; McAllister v. Langford Investigators, Inc., 380 So.2d 299, 300 (Ala.Civ.App.1980).”
AFFIRMED.
MADDOX, SHORES, STEAGALL and COOK, JJ., concur.