[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1090 
Vanessa Ann Hayden sued Bill Elam and Elam, Inc. (a corporation owned or controlled by Bill Elam), and obtained a jury verdict for $80,000. The trial court, after assessing interest and allowing for a set-off, entered a judgment on the verdict, for $95,159.20.[1] The defendants filed a Rule 59, Ala.R.Civ.P., motion for a new trial, alleging that they had been denied a fair trial as a result of the closing argument of a legal intern; that intern had assisted Hayden's attorney during the trial and, according to the defendants, had done so in violation of this Court's rule governing legal interns — "Alabama Rule for Legal Internship by Law Students." The trial court granted the motion. We reverse and remand.
The following facts are undisputed: Kim McClain assisted Hayden's attorney in the preparation and trial of Hayden's case. At the time she participated in the trial, McClain was acting as a legal intern under the guidelines set out in the rule governing legal interns. McClain participated during the trial with Hayden's written consent. Hayden's attorney did not file Hayden's statement of consent with the trial court. Neither did Hayden's attorney file his own statement of approval of McClain's appearance. The defendants' trial attorney was aware that McClain was participating in the case as a legal intern and not as a licensed attorney.[2] In response to the defense attorney's closing argument, McClain asked the jury to compare certain trial exhibits; one of those exhibits, which Hayden relied on, was a copy of the 1994 *Page 1091 
federal income-tax return filed by Elam, Inc. Addressing perceived discrepancies between certain entries in those exhibits, McClain referred to the fact that a rent-expense entry on that tax return had been filed "under penalty of perjury." The defense attorney objected to McClain's reference to perjury, stating: "Your Honor, I'm going to object, she's accusing him [Bill Elam] of perjury, there ain't no testimony of the tax returns." The trial court responded: "Well, let me just say this, perjury, if you said `perjury,' is sworn testimony before a court followed by sworn testimony before a court, one is true and one is untrue, and I don't think you've got that situation here." The defendants did not object further or move for a mistrial.
The rule governing legal interns reads in its entirety as follows:
"I. PURPOSE
 "The purpose of this rule is to help the bar discharge its responsibility to provide competent legal services for all persons, and to encourage law schools to provide senior law students with practical training during the period of their formal legal education.
"II. SERVICES
 "A. An eligible law student may appear in any civil or criminal matter in any court or before any administrative tribunal in this State, if the person on whose behalf he is appearing has indicated in writing his consent to that appearance and the attorney of record has also indicated in writing approval of this appearance. The attorney of record shall personally supervise and oversee at all times any such student who shall appear before any court or administrative tribunal, and in any case tried before a jury, the licensed attorney of record shall be present in court at all times during the trial of the case.
 "B. An eligible law student may also appear in any criminal matter on behalf of the State with the written approval of the prosecuting attorney or his authorized representative.
 "C. In each case, the written consent and approval referred to above shall be filed in the record of the case and shall be brought to the attention of the court or the presiding officer of the administrative tribunal. The court or presiding officer has discretion to disallow such appearance or participation by the student.
"III. OTHER SERVICES
 "A. In addition, an eligible law student may engage in other services, under the supervision of a member of the Alabama State Bar, including:
 "1. Preparation of pleadings and other documents to be filed in any matter, but such papers must be signed by the attorney of record.
 "2. Preparation of briefs, abstracts and other documents to be filed in appellate courts of this State, but such documents must be signed by the attorney of record.
 "B. An eligible law student shall be authorized to interview, advise, and negotiate for a client while rendering assistance to the attorney of record.
"IV. REQUIREMENTS AND LIMITATIONS
 "In order to perform any services pursuant to the rule, the law student must:
 "A. Be registered as a law student with the Secretary of the Board of Commissioners of the Alabama State Bar, and duly enrolled in any school of law in the State of Alabama from which a graduate of such school is qualified and authorized to stand the State of Alabama Bar Examination, provided such school of law has a full-time faculty member or a full-time administrator who is a graduate of a school of law supervising the certification of students and assigned the duties of supervising and counseling *Page 1092 
eligible and certified students. The registration requirements herein shall be satisfied by compliance with Rule I A of the Rules Governing Admission to the Alabama State Bar. If a student desires to participate under this rule, and does not intend to seek admission to the Alabama State Bar, said student must register in accordance with Rule I A; however, the penalty imposed for failure to register within sixty days of entry into law school shall not be applicable to said student.
 "B. Have completed legal studies amounting to at least four (4) semesters (not less than 54 semester hours), or the equivalent if the school is on some basis other than a semester basis.
 "C. Be certified in writing by the dean of his law school as being of good character and competent legal ability, and as being adequately trained to perform as a legal intern.
 "D. Be introduced to the court in which he is appearing by an attorney admitted to practice in that court.
 "E. Certify in writing that he has read and will abide by the Alabama Rules of Professional Conduct or the Code of Professional Responsibility, whichever is then in effect, and also subscribe to an oath that he will support the Constitutions of the United States and the State of Alabama, and will faithfully perform the duties of a legal intern. Said certificate and oath are to be filed with the Secretary of the Alabama State Bar.
 "F. Neither ask for nor receive any compensation or remuneration of any kind for specific services from the person on whose behalf he renders services; provided, however, that the student may be paid a set salary or hourly wage by an employing lawyer, law firm, government office, or other entity providing legal services.
"V. CERTIFICATION
"The certification of a student by the law school dean:
 "A. Shall be filed with the Secretary of the Alabama State Bar and shall remain in force and effect so long as he or she continues as a student in good standing, and after graduation from law school may remain in force and effect until the results of the next Alabama Bar examination are announced.
 "B. May be withdrawn by the dean at any time by mailing a notice to that effect to the Secretary of the Alabama State Bar.
 "C. May be terminated by the Board of Commissioners of the Alabama State Bar at any time. Notice of the termination shall be filed with the Secretary of the Alabama State Bar and with the dean of the law school in which the student is enrolled.
"VI. ATTORNEY'S RESPONSIBILITY
 "The member of the bar to whom the eligible student intern is assigned and under whom the student does any of the things permitted by this rule shall:
 "1. Assume personal professional responsibility for the student's work.
 "2. Assist the student in his or her preparation to the extent the said member of the bar considers it necessary.
 "3. Secure the prior written consent of the client for the services actually to be performed in court by the law student."
(Emphasis added.)
Hayden concedes, as she must, that her attorney failed to comply with section II.C. of the rule by failing to file the necessary "written consent and approval" referred to in section II.A. Section II.C. of the rule is clear. The attorney, by failing to file the necessary documents, and thereby failing to apprise the trial court, before the trial, of McClain's intern status, denied *Page 1093 
the trial court the opportunity to consider whether the court deemed it appropriate for McClain to participate in the trial. One of the stated purposes of the rule is to "help the bar discharge its responsibility to provide competent legal services for all persons." Section I. The rule contemplates the trial court's participation in this process by making a law student's appearance or participation discretionary with the trial court.[3]
However, the dispositive issue here is not whether Hayden violated section II.C. of the rule governing legal interns. The critical question is whether McClain's participation during the trial, specifically her reference in her closing statement to perjury, provides a basis for ordering a new trial. Rule 61, Ala.R.Civ.P., states:
 "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."
(Emphasis added.) Rule 61 applies to arguments of counsel in appropriate situations, see Lawrence v. Alabama Power Co.,385 So.2d 986 (Ala. 1980); and where no substantial rights of the complaining party are affected, any error is harmless. See Poston v. Gaddis, 372 So.2d 1099 (Ala. 1979).
After carefully reviewing the record and the briefs, we cannot agree with the trial court's conclusion that McClain's participating in the trial and her referring to the corporate defendant's 1994 income-tax return in her closing argument so prejudiced the defendants as to require a new trial.
A ruling on a motion for a new trial rests within the discretion of the trial court. The exercise of that discretion carries with it a presumption of correctness; however, this Court will reverse an order granting a new trial when some legal right is denied and the record clearly shows that the trial court abused its discretion. Hill v. Cherry, 379 So.2d 590 (Ala. 1980). Each case must be decided on its own merits, with due inquiry into the issues, the parties, and the general atmosphere of a particular case. Calvert Marsh Coal Co. v. Pass, 393 So.2d 955 (Ala. 1980). Although the trial court has great latitude in ruling on the propriety of an attorney's (or, as here, a legal intern's) closing argument, see Prescott v. Martin, 331 So.2d 240 (Ala. 1976), that latitude is not without bounds.
The record indicates that a copy of the corporate defendant's 1994 income-tax return was introduced into evidence. That document states that it was to be signed "[u]nder penalties of perjury." It appears to us that McClain referred to the tax return and its "under-penalties-of-perjury" language in an effort to convince the jury that the rent-expense entry on that document was more accurate or more reliable than a rent-expense entry that appeared on another document the defendants had introduced into evidence and on which *Page 1094 
they relied. Contrary to the defendants' assertion, we do not view McClain's statement as accusing Bill Elam of perjury. To the contrary, McClain held the tax return up to the jury as being the more reliable of the two disputed documents. The message she obviously hoped to convey to the jury was that Bill Elam and the corporation had filed a truthful document with the Internal Revenue Service and, therefore, that the jury should rely on that document, at least in part, in calculating her damages.
Justice Jones, writing for this Court in R.C. Bottling Co. v. Sorrells, 290 Ala. 187, 190, 275 So.2d 131, 134 (1973), made the following observations:
 "We have often stated that great latitude should be given counsel in the content and scope of their closing arguments. Every fact the testimony tends to show, every inference counsel may think arises from the evidence, the credibility of the witnesses, as revealed by their manner, the reasonableness of their story, and many other considerations, are legitimate subjects of criticism and argument. Argument is intended to aid the jury in reaching a just and reasonable verdict; though the trial judge may use his discretion in controlling counsel's arguments, he must not limit too narrowly counsel's right to draw inferences from testimony before the court, and if he does so, reversible error is committed. [Citations omitted.]
 "In our adversary system of jurisprudence, the discretion of the trial court to control the conduct of the trial must not be exercised so as to unduly circumscribe the legitimate role of counsel."
The record does not indicate that McClain did anything other than assist Hayden's attorney in providing competent (and, as the verdict indicates, effective) legal representation to Hayden. Therefore, the stated purposes of the rule governing legal interns were satisfied (i.e., "to help the bar discharge its responsibility to provide competent legal services for all persons, and to encourage law schools to provide [future attorneys] with practical training during the period of their formal legal education"). Section I.[4]
Even if McClain's statement could somehow be considered an improper accusation of perjury, the defendants timely objected and the trial court gave a curative instruction. The trial court specifically told the jury: "I don't think you've got that situation [perjury] here." The defendants made no further objection and did not move for a mistrial. Under these circumstances, a new trial could not be justified unless McClain's remark was "so grossly improper and highly prejudicial" as to be beyond corrective action by the trial court. Hill v. Sherwood,488 So.2d 1357, 1359 (Ala. 1986). With due regard to the trial court's discretion in ruling on matters of this kind, we could not hold, based on this record, that McClain's *Page 1095 
remark falls within that category of statements so grossly improper or so highly prejudicial as to be beyond corrective action.
The order granting the defendants a new trial is reversed, and the case is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C. J., and Maddox, Cook, See, Lyons, Brown, and Johnstone, JJ., concur.
[1] The underlying facts and Hayden's various theories of recovery are not pertinent to our resolution of this appeal.
[2] The defendants state in their brief that Hayden's attorney made "no effort of any kind . . . to provide any notice whatsoever of [McClain's] legal internship status to either the trial court or defense counsel." The defendants also categorically deny learning of McClain's status until after the trial. However, page 178 of the record indicates that the following colloquy occurred at Bill Elam's deposition on September 4, 1998, several weeks before the trial:
"Ms. McClain: Can I say something on the record?
"Mr. Rockefeller [Elam's attorney]: No.
"Ms. McClain: I'm here on Vanessa Hayden's behalf.
"Mr. Rockefeller: You're an attorney?
"Ms. McClain: I have a practice card.
 "Mr. Rockefeller: You have to have specific authorization from the client, and you have to have — Go ahead. Knock yourself out."
[3] The rule governing legal interns has a specific section (VI) dealing with "Attorney's Responsibility." That section requires the supervising attorney 1) to "[a]ssume personal professional responsibility for the student's work" (the record indicates that Hayden's attorney did that); 2) to "[a]ssist the student in his or her preparation to the extent the [attorney] considers it necessary" (there is no indication in the record that Hayden's attorney failed to do that); and 3) to "[s]ecure the [client's] written consent" for the student to appear in court (the record indicates that Hayden's attorney did that). The filing requirements overlooked by Hayden's attorney do not appear in section VI., although, logically, they should.
[4] The defendants contend that McClain's participation at the trial constituted the unauthorized practice of law, under Ala. Code 1975, § 34-3-6. Citing Ex parte Ghafary, [Ms. 1960729, January 16, 1998] 738 So.2d 778 (Ala. 1998), the defendants argue that McClain's presence rendered the verdict a nullity; therefore, they say, the trial court had no choice but to order a new trial. Section 34-3-6(a) states that "[o]nly such persons as are regularly licensed have authority to practice law." Section34-3-6(b) defines "the practice of law." McClain, no doubt, was involved in "the practice of law," within the meaning of that term as it is used in § 34-3-6(b), when she assisted Hayden's attorney in the preparation and trial of Hayden's case. However, she did so under the authority conferred by, and under the conditions set out in, this Court's rule governing legal interns. See Amendment 328, § 6.11 ("[t]he supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts"). Hayden's attorney filed the action and was present throughout the trial. Therefore, because McClain was a "person . . . licensed . . . to practice law," albeit only under the supervision of a regularly licensed attorney, her participation in Hayden's case did not violate §34-3-6. These circumstances distinguish this case from Ex parte Ghafary, where the complaint, which was not signed by anyone licensed to practice law, was deemed a nullity.