331 So.2d 400
**James W. CORDELL**
v.
**Lurleen Cordell POTEETE.**
**Civ. 759.**

Court of Civil Appeals of Alabama.
April 14, 1976.

Powell & Powell, Decatur, for appellant.

Kenneth Shelton, Decatur, for appellee.

BRADLEY, Judge.

Appeal is taken from a decree requiring defendant to pay plaintiff the sum of $9,495.99, which was one-half of the net

proceeds received by defendant in the settlement of an out-of-state lawsuit.

Plaintiff and defendant were divorced by the County Court of Morgan County on September 5, 1972. The divorce was awarded on the basis of the wife's complaint, the husband's waiver and answer, and the deposition of the wife. The decree provided that the husband pay the wife: ". . . one-half of any net proceeds derived from the net proceeds of that certain case styled *James W. Cordell and Lurleen Cordell versus Jeffrey D. Pate,* which is pending in the Eighth Judicial Circuit Court of Adams County, Illinois." The husband, in his waiver and answer, had agreed that the wife was to receive said portion of any recovery in the named lawsuit.

The Illinois lawsuit resulted from a motor vehicle accident which left the husband hospitalized for some time with a fractured skull and, according to a psychiatrist, with permanent brain damage.

In October 1974, about two years after the divorce, the husband and his lawyer dismissed his ex-wife as a party plaintiff in the Illinois damage suit and settled it for $35,000. After paying the hospital, his doctors and lawyer, defendant received $16,991.98. He did not pay plaintiff one-half of this amount as directed by the divorce decree.

Plaintiff-wife, after learning of the settlement of the Illinois lawsuit, filed a petition in the court that granted the divorce, asking that defendant be required to pay her one-half of the net proceeds of the settlement as directed by the previous decree. The defendant answered by saying that he is now mentally incompetent, and was incompetent both at the time of the divorce and at the time he signed the waiver and answer agreeing to give his ex-wife one-half of the net proceeds of the Illinois lawsuit. He says his incompetency results from the brain damage suffered in the vehicle accident which was the subject of the Illinois lawsuit. He asked that the divorce decree be set aside or, in the alternative, that ". . . plaintiff should receive only an apportionate share of the proceeds he received from his accident of January of 1972, which would be nothing."

Trial was had before the court sitting without a jury. Submission was taken on the depositions of plaintiff and Dr. Roland Hawkins, the answers of defendant to interrogatories, and the oral testimony of the defendant, which was not taken by the court reporter. The court decreed that defendant was competent at the time he executed the waiver and answer in the divorce action and that the decree rendered in said cause is valid and should be enforced.

The facts show that the parties to this proceeding were married in June 1971; that the defendant suffered brain damage as a result of a motor vehicle accident in January 1972; and that the parties separated in June 1972 and were divorced in September 1972.

In her deposition plaintiff stated that she had known defendant for a long time before their marriage and has seen him and talked to him since their divorce, and she has not seen any significant changes in his mental condition either before or after the accident. She said that her husband was sane, in control of his mental faculties and could handle his business affairs at the time he signed the waiver and answer and at the time the divorce request was submitted to the court. She said at the time he signed the waiver and answer, he was able to dress himself, feed himself, drive his car, carry on a normal conversation and transact his own business. He has also been employed on occasion since his release from the hospital.

In his deposition, Dr. Hawkins stated that defendant has chronic brain syndrome or brain damage which is permanent. The doctor said defendant is incompetent. His judgment is impaired; his memory for re-

cent events is practically nil; and his ability to reason or carry on everyday business affairs is gone. The doctor did say that defendant's psychosis could be ameliorated it he regularly took the prescribed medication. However, he also said that the medication would not restore him to competence; this condition resulted from the brain damage which is irreversible.

The trial court's decree stated that defendant had testified in open court and had been personally interviewed; however the testimony was not taken down by the court reporter and it is not before this court.

Defendant contends on appeal that the evidence was insufficient to warrant a decision that he was competent at the time he signed the waiver and answer and at the time the divorce proceedings were submitted to the court for a decision. However, the law presumes every person to be sane and casts the burden of establishing the basic matter of incompetence on the one asserting it. *Equitable Life Assur. Soc. of United States v. Welch*, 239 Ala. 453, 195 So. 554.

In the instant case the initial burden was cast on defendant to prove his incompetence. He attempted to do this by introducing his testimony and that of his psychiatrist.

The testimony of the doctor, although expert testimony on the question of incompetence, is to be given such weight as the trier of facts deems warranted, for the opinion of an expert as to insanity is not conclusive on the trier of fact, but is to be weighed like other evidence, and the trier of fact may totally reject the expert's testimony even though it is without conflict, *Smith v. Smith*, 254 Ala. 404, 48 So.2d 546. Here, there was a conflict between the doctor's testimony and that of the plaintiff. And, where there is a conflict in the testimony of witnesses, the trier of fact has the duty to resolve it as best it can under the circumstances, *General Mut. Ins. Co. v.*

*Dennis*, 280 Ala. 434, 194 So.2d 838. The trial court resolved this conflict in favor of the competence of defendant. Of further significance is the absence of defendant's testimony from the record. We do not know what his testimony consisted of since it is not reported; however, the trial court, as the trier of fact in this case, observed defendant testify and could assign such weight to his testimony as it saw fit. Where the trial court had the benefit of evidence not included in the record, and such evidence may have influenced the trial court's decision, the unrecorded evidence is conclusively presumed to support the finding, which therefore cannot be disturbed on appeal, *Eaton v. Shene*, 282 Ala. 429, 212 So.2d 596.

No reversible error being presented to this court, the judgment of the trial court is affirmed.

AFFIRMED.

WRIGHT, P. J., and HOLMES, J., concur.