This is a divorce case.
The parties to this proceeding were divorced by the Circuit Court of Mobile County on March 9, 1977. In its decree the court ordered that certain banking institutions furnish to the court copies of all savings accounts, certificates of deposit or savings certificates listed in the name of the plaintiff or defendant, regardless of whether these accounts were held individually or jointly with another party. This decree not only reached moneys belonging to the parties, but it also brought about an accounting of moneys listed by the banking institutions as being jointly held by one (or both) of the parties in conjunction with their children and/or the sister of the defendant (appellant here).
The defendant contends on appeal that the trial court erred in requiring an equitable attachment of these accounts because the children and the defendant's sister were not parties to the proceedings. Defendant claims that these persons, who were never parties to the proceedings that deprived them of their property, have been denied due process of law by the trial court's actions.
The plaintiff replies that no transcript of testimony is set out in the record before this court due to the fact that there was no court reporter present at the proceedings below. Accordingly, plaintiff argues that since the trial court heard evidence that is not before this court, we have no alternative but to affirm the trial court's decree.
Although the defendant bases his appeal on the constitutional grounds of due process, we must conclude that the assertion of his claim that non-parties were deprived of their rights to due process was not raised prior to or during the trial of the divorce proceedings. Consequently, this court will not reverse the trial court on a matter which it did not consider in the proceedings below.
Had defendant sought to establish a defense to plaintiff's suit on constitutional grounds (thereby protecting the property interest of the non-parties or inducing them to protect their own interest), he could have attempted to do so by means of Rule 19 (a)(2), Rule 12 (b)(7) and Rule 12 (h)(2), ARCP.
Rule 12 (h)(2) provides in applicable part:
 ". . . a defense of failure to join a party indispensable under Rule 19 . . may be made in any pleading permitted or ordered under Rule 7 (a), or by motion for judgment on the pleadings, or at the trial on the merits."
After a careful examination of the record before us, we are unable to find a pleading or motion filed by defendant raising the issue that his children and his sister were *Page 456 
indispensable parties to this proceeding.[1] Therefore, the requirement in Rule 12 (h)(2) that the defense of failure to add an indispensable party be raised by motion or in a pleading has not been satisfied.
Nor is there any indication that the defendant asserted the defense of failure to join an indispensable party during the trial. Indeed, no transcript of testimony was prepared by a court reporter and no Rule 10 (d), ARAP, summary exists. Thus we are precluded from speculating as to the possibility that defendant properly raised the issue of the omission of an indispensable party at the trial on the merits.
Moreover, the occurrence of a colloquy between the defendant's counsel and the court at the hearing on the motion for new trial which indicates that insofar as the sister of the defendant was concerned, the indispensable party issue was presented to and decided by the court, is not sufficient to meet the requirements of Rule 12 (h)(2). According to the plain language of Rule 12 (h)(2), the failure to join an indispensable party is waived if it is not presented before the close of trial. 5 Wright Miller, Federal Practice Procedure: Civil, § 1392. And, as stated earlier, there is nothing in the record which reveals that the defendant met this requirement. Thus, we must conclude that he did not raise the issue of an indispensable party in a timely manner. As stated in 5 Wright Miller, supra, "[the defenses enumerated in 12 (h)(2) (including the defense of failure to join an indispensable party)] may not be asserted for the first time on appeal."
It is settled in Alabama that where the trial court had the opportunity to consider evidence that is not before the appellate court, such evidence will be conclusively presumed to support the findings and decree of the trial court and will not be disturbed on appeal. Cordell v. Poteete, 57 Ala. App. 645,331 So.2d 400 (1976). The testimony heard by the trial court is not before this court; consequently we have no alternative but to affirm the trial court's decree.
The plaintiff-appellee has moved this court to award an attorney's fee for the services of her attorney in defending this appeal. We consider $300 to be a fair and reasonable fee in this instance, and hereby award such sum as the fee for the services performed by plaintiff-appellee's attorney in this appeal.
ATTORNEY'S FEE AWARDED.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] Presumably defendant's motion would be based on his assertion that the failure to join his children and his sister as parties to the suit would result in the denial of due process with regard to their mutual property rights in the various accounts which were at issue.