This is an appeal from a final judgment of the Circuit Court of Jefferson County, Birmingham Division, holding that appellee (Fairfield City Board of Education) was entitled to withhold one day's salary from appellant (Brenda M. Green) as a result of her unexcused absence from her duties as a teacher at Fairfield High School.
The record reveals that in early November of 1977 Mrs. Green filed a request for a one day "professional" leave of absence in order to attend an educational seminar. Initially her request was granted by the principal of Fairfield High School. However, this gentleman was subsequently instructed by the superintendent of the city schools to ask Mrs. Green what educational seminar she would be attending. Mrs. Green responded that she planned to attend a "parent-student and teacher affair" at a local parochial school. The principal of the parochial school was contacted to determine the nature of the "educational seminar," and as a result of the conversation with the principal it was learned that Mrs. Green had volunteered to chaperone her daughter's second grade class on a tour of a local hamburger establishment. Upon learning of the purpose of Mrs. Green's planned absence, the city superintendent denied her request for "professional leave." Mrs. Green then requested a personal leave so that she could participate in the field trip by her daughter's class. This request was also denied by the superintendent. Despite the denial of her request, Mrs. Green informed the superintendent that she would not report to work on the date of the scheduled field trip. Upon being so informed, the city superintendent told her that if she failed to report to work on that date she would not be paid. When she subsequently did not appear to perform her duties as a teacher, the superintendent ordered that a *Page 1219 
day's pay be deducted from her salary. Thereafter, Mrs. Green filed a suit seeking to recover one day's pay ($74.40). Her suit was premised on the ground that the city superintendent had no authority to deny her request for personal leave since the right to two days of personal leave was guaranteed to state teachers by virtue of Act 384, § 4-N (d), Acts of Alabama 1973. Following a hearing ore tenus the trial court found that the laws of Alabama permitted the exercise of discretion by school superintendents with respect to a grant or denial of a request for personal leave by a school teacher. The court thus concluded that the superintendent had not abused his discretion in denying Mrs. Green's request for leave, and that, accordingly, she was not entitled to recover the money withheld from her salary as a result of her failure to report to work. We feel that the trial court acted properly and therefore affirmed its decision.
Act 384 appropriated money for the support, maintenance and development of public education in Alabama for the 1974-75 fiscal year. Section 4-N (d) of Act 384 provides:
 In addition to the appropriations hereinabove made to the Minimum Program there is hereby appropriated funds for two (2) days personal leave for each teacher earned under the Minimum Program formula to be granted upon request of the teacher and administered by the State Board of Education and by local school boards under procedures governing sick leave.[1]
Mrs. Green maintains that subsection (d) has been construed to prevent the establishment by local school boards of rules and regulations which would allow a superintendent of schools discretionary authority to deny a teacher's request for personal leave. In an informal opinion the Attorney General concluded that when personal leave is requested by a teacher, no rule or regulation "differing from those regulating the granting of sick leave . . . may be employed to determine whether or not the teacher is allowed personal leave." 153 Quarterly Rep.Att'y.Gen. 30 (Dec. 6, 1973). Mrs. Green thus argues that the sick leave plan established by the State Department of Education does not allow local boards of education to exercise discretion in denying a teacher's request for sick leave and that, as a consequence, local boards cannot exercise discretion in denying a teacher's request for personal leave. We disagree.
The language of subsection (d) (and the identical language found in subsequent minimum program fund appropriations) must be construed in pari materia with other statutes relating to the same subject matter. 18 Ala.Dig., Statutes 206 and 223.2. Accordingly, section 16-8-26 of the 1975 Alabama Code must be construed in pari materia with subsection (d) since both deal with the subject of personal leave for teachers. Section16-8-26 provides that:
 Any county or city board of education may, at its discretion, grant to any teacher within its school system personal leave of up to five days annually noncumulative, during the time schools are in session. The board shall determine whether the leave is to be with part pay, full pay or without pay.
Although subsection (d) contains no reference to discretionary power by local school officials with regard to personal leave, section 16-8-26 not only accords local boards of education the authority to grant a teacher up to five days of personal leave annually, but it also allows the boards to determine whether a teacher will be paid during his (or her) absence. Thus, it is obvious that section 16-8-26 is more specific in its terms than subsection (d). And it is a rule of statutory construction that where statutes are related to the same subject and *Page 1220 
embrace the same matter, a specific or particular provision is controlling over a general provision. 73 Am.Jur.2d Statutes § 257. While subsection (d) creates a fund from which money may be made available to compensate teachers during personal leaves of absence, section 16-8-26 establishes the framework by which such leaves may be granted and the amount of compensation to be allowed therefor.
Statutory construction is subject to the dominant rule that statutes should be construed as a whole to determine legislative intent. Marengo County v. Wilcox County, 215 Ala. 640,112 So. 243 (1927); Street v. Cloe, 207 Ala. 631,93 So. 591 (1922). It is our conclusion that the legislature did not intend to deprive local school boards of the statutorily authorized power to review applications by teachers for personal leave by the passage of subsection (d) (and identical subsections contained in subsequent minimum program fund appropriations). Instead, we believe that the legislature merely sought to use the latter provisions as a means for making funds available for personal leave should such leave be granted. Such a view is supported by the fact that the language contained in subsection (d) and the subsequent acts appropriating funds for personal leave is not found in the codified version of Alabama's minimum program fund. Code of Alabama 1975, § 16-13-50 et seq. Thus, the two day personal leave funded by subsection (d) and subsequent appropriation bills is not part of our state code, but rather, funding for such leave is subject to continuing legislative largesse in future appropriation bills. Consequently, it cannot be said that statutory language which is subject to continuation by means of each new educational appropriation should take precedence over the terms and conditions contained in a statute specifically authorizing local boards of education discretion in granting or denying a teacher's request for personal leave.
Under present Alabama law, local boards of education may exercise discretionary authority in granting or denying teachers personal leave. Likewise, the boards have the authority to determine whether the leave is to be with part pay, full pay or without pay. In the instant case the Fairfield City Board of Education delegated the power to grant or deny a teacher's request for personal leave to the superintendent of city schools. In the exercise of this power the city superintendent denied Mrs. Green's request for personal leave. The trial court held that the superintendent did not abuse his discretion by taking such action. In view of the ore tenus rule we will not substitute our judgment for that of the trial court, particularly where, as here, the trial court heard evidence not contained in the record on appeal. Cordell v.Poteete, 57 Ala. App. 645, 331 So.2d 400 (1976). See CaliforniaTeachers Ass'n v. Board of Trustees, 70 Cal.App.3d 431,138 Cal.Rptr. 817 (1977).
The trial court's determination that the Fairfield City Board of Education was entitled to withhold one day's salary from Mrs. Green because of her unexcused absence from her duties as a teacher is hereby affirmed.
MOTION TO STRIKE TRANSCRIPT AND DISMISS APPEAL DENIED.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] The language contained in Act 384, section 4-N (d) has been carried forward by our legislature in subsequent appropriation bills. Act 197, § 3-Q (e), Acts of Alabama 1976; Act 637, § 3-16 (ee), Acts of Alabama 1977; Act 12, § 3-20 (ee), Acts of Alabama 1978. And like the statutory language found in subsection (d), the provisions involving appropriations for personal leave in these subsequent acts are a part of the minimum program fund.