WRIGHT, Presiding Judge.
The taxpayer-plaintiff in the suit below, Suggs Music Company, Inc., is engaged in the vending machine business. During the years 1970-1974, Suggs purchased a number of used machines. Some of these machines were used as temporary replacements for machines on location, and some were stripped for spare parts. These surplus machines were stored in a warehouse, and licenses were not purchased for them.
Suggs testified that he was in the practice of affixing license decals to his machines on location with Scotch tape so that the decals could be removed and placed on the temporary replacement machines when he was forced to exchange a machine. Suggs defends that practice by contending on appeal that the license fee in question, as required under Tit. 51 § 613, Code of Alabama (1940) (Recomp.1958) (1973 Cum. Pocket Part), is designed to be on a particular location rather than on each machine. With this contention we cannot agree. Section 613 provides in pertinent part:
“And a separate license shall be issued for each such machine, which license shall be prominently displayed on or attached to such machine, . . . ”
The trial court determined that this section required a license for each machine placed on location and operated within the state, even though the machine was only a temporary replacement for another licensed machine. We agree with that determination.
Suggs could not give exact figures as to how many unlicensed machines he had used for replacement purposes during any year in question. The record reflects that Suggs’ testimony was ambiguous and contradictory on this question. He indicated that up to two hundred machines may have been in his warehouse and on his depreciation schedule during the applicable time period. The taxpayer’s records were also *979 inadequate to reflect the number of machines capable of use as replacements during this period because Suggs’ receipt data was broken down by location and not by each machine.
The trial court determined, after hearing the evidence ore tenus, that eighty-five surplus machines could have been used for replacement purposes during each of the years between 1971 and 1974. This court notes that the figure of eighty-five additional machines represents the lesser of the possible estimates that could have been made by the trial court after hearing the evidence. The trial court ordered the Department of Revenue to reassess the amount due from Suggs based on the use of eighty-five additional machines for each of those three years.
It is the general rule that where there is a conflict in the testimony of witnesses, the trier of fact has the duty to resolve it as best he can under the circumstances. Cordell v. Poteete, 57 Ala.App. 645, 331 So.2d 400 (1976). Of course, when a trial court renders judgment after hearing witnesses ore tenus, every presumption will be indulged in favor of the trial court and its findings will not be disturbed unless palpably wrong. Cowden v. Hughes, 353 So.2d 505 (Ala.1977). In the absence of reliable records, which it is the taxpayer’s duty to maintain, and in view of the ambiguous testimony, this court certainly cannot say that the trial court erred. Its judgment is therefore affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.