BRADLEY, Judge.
This is a truth-in-lending case.
Plaintiff, Ronald Smith, purchased a 1973 Buick LeSabre from East Side Motors, Inc., defendant, on April 8,1980. The sales price was $750.00. Plaintiff agreed to pay $240.00 down and the remaining balance in twenty-five installments of $20.00 and one installment of $10.00. A financing statement was completely filled out, and disclosed that there was to be no financing charge.
Plaintiff experienced some mechanical trouble, and the defendant repaired the car at no charge. On June 6, 1980 the car completely broke down, and a new motor had to be installed. The defendant charged plaintiff $331.00 for the new motor. Plaintiff did not pay for the motor so defendant kept the car.
On June 30,1980 plaintiff filed suit in the Circuit Court of Jefferson County. His complaint contained four counts. By order of this court, three of the counts were transferred to the jury docket. The plaintiff’s truth-in-lending count brought under 15 U.S.C. § 1601 et seq. (1976), however, was set to be heard before the judge on April 21, 1981. The record discloses that all *415 the parties were notified of the trial date. Plaintiff failed to appear at the hearing and, as a result, judgment was rendered in favor of the defendant. From this judgment plaintiff appeals to this court.
In his truth-in-lending count plaintiff alleges that there was a finance charge hidden in the purchase price of the automobile. He claims that the purchase price was higher than it normally would have been since plaintiff was to pay in installments.
In its order the court noted that after a thirty minute wait the plaintiff had failed to appear. The court then stated that after hearing the defendant’s evidence orally it could find no violation of the Truth-in-Lending Act.
Also it should be noted that the defendant never filed a motion to dismiss for want of prosecution under A.R.C.P. 41(b). The trial judge did not of his own motion dismiss the action either, but instead heard oral testimony from the defendant. He then rendered judgment on the merits.
No record was made at trial of this oral testimony. It has been stated numerous times that where the trial court hears oral testimony which is not part of the record on appeal, then such evidence will be conclusively presumed to support the finding of the trial court. A.R.A.P. 10(d); Davenport v. Davenport, 356 So.2d 205 (Ala.Civ.App.1978); Cordell v. Poteete, 57 Ala.App. 645, 331 So.2d 400 (1976).
Since there is no record of the oral testimony which the trial judge stated that he considered, we must presume that it was sufficient to support the judgment. We, therefore, cannot find any error in the judgment on the merits and therefore must affirm.
The defendant’s motion to dismiss this appeal is denied.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.