WRIGHT, Presiding Judge.
The parties were divorced December 9, 1970. Custody of the minor child, Ray, was given to the mother with visitation rights given to the father. On August 1,1982, the father took custody of Ray as permitted. The period of custody was to end by return of Ray to the home of the mother by 6:00 P.M. on August 15, 1982. Ray was not returned by the father. On August 17, 1982, the mother brought a petition for Rule Nisi and Writ of Habeas Corpus.
Show cause order was issued by the court and set for hearing the following day, August 18, 1982. Defendant-father filed an answer pro se and appeared. Hearing was held, and the court entered an order finding the father in criminal contempt of court and sentenced him to five days in jail, with a fine of $100. The court further suspended the father’s visitation rights until he gave affirmative assurances that such rights would be honored without necessity of regular court hearings for enforcing compliance. Defendant brings the matter for review by certiorari.
This is the eighth time that disputes and contempt orders against this defendant have been brought before this court. It is reasonable to assume that matters between the parties have been presented even more times to the trial court. As late as July 1981, we affirmed a prior finding of criminal and civil contempt against this defendant. A part of the offense found to have been committed by defendant in that instance was his failure to return the child to his mother at the end of his allotted period of visitation. He now comes with an order of contempt for the same offense.
The issues presented for our review by defendant have no merit either in law or fact. He complains of being forced to a hearing within eighteen hours of notice without benefit of counsel. The record discloses that defendant filed a typed lengthy answer. He was accompanied to the hearing by counsel whom he chose not to retain and proceeded pro se without objection or comment. This court will not consider an issue never ruled upon by the trial court and presented here for the first time. Blackmon v. R.L. Zeigler Co., Inc., 390 So.2d 628 (Ala.Civ.App.), cert. denied, 390 So.2d 635 (Ala.1980).
The other purported issues have no relation to whether defendant was properly found guilty of criminal contempt of court. There is evidence in the record of his wilful disobedience of the orders of the trial court. We have previously defined the parameters of our review of orders of contempt in cases to which defendant was a party. We deem further definition unnecessary. Wilson v. Freeman, 402 So.2d 1004 (Ala.Civ.App.1981); Wilson v. Freeman, 376 So.2d 1096 *262 (Ala.Civ.App.1979), cert. denied, 376 So.2d 1099 (Ala.1979).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.