This is a divorce case.
The wife, through able counsel, appeals from the final decree of divorce.[1]
The wife states in brief that a new trial must be ordered, in that the court reporter at the divorce hearing lost her notes and was, therefore, unable to prepare a transcript of the proceeding. Apparently, the wife is contending that this court should order a new trial.
The husband contends that the appeal is due to be dismissed, or, at least, the trial court's action should be affirmed.
The record before this court, in pertinent part, reveals the following:
After notice of the fact that no transcript of the evidence could be prepared, the wife submitted a statement to the trial court of her recollection of the testimony as given at the divorce hearing. The husband objected *Page 415 
to the wife's statement and submitted his own recollection of the testimony.
The trial court took note of the two submitted statements and their inconsistencies, then entered an order which settled and approved the evidence in the case.
The Alabama Rules of Appellate Procedure, in Rule 10 (d), have provided a procedure to be used in the event that a transcript is unavailable. The rule provides:
 "(d) Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript Is Unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served within 49 days (seven weeks) after notice of appeal on the appellee, who may serve objections or propose amendments thereto within seven days (one week) after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be filed with and included by the clerk of the trial court in the record on appeal."
Ala.R.App.P. 10 (d).
Here, the procedure that is stated in the rule was, it appears to this court, followed. Both the wife and the husband were given opportunities to submit their own recollections of the evidence. The trial court then, using the statements, settled and approved a statement of the evidence.
When the official record is unavailable, reconstructions of the record on appeal by the parties is an accepted procedure.Snider v. Alabama Power Co., 346 So.2d 946 (Ala. 1977).
It appears that the wife did not make a motion at the trial court level for a new trial based on the incompleteness of the record.
This court will not consider an issue never ruled upon by a trial court and presented on appeal for the first time. Wilsonv. York, 434 So.2d 260 (Ala.Civ.App. 1983).
We fail to perceive any error by the trial court or authority under the facts for this court to grant a new trial. This court cannot assume error; the appellant has an affirmative duty of showing error. 2A Ala. Digest, Appeal Error, Key No. 901 (1982).
We note that the wife cites criminal cases holding that there must be a transcript of the evidence from the court below. The comments to Rule 10 (d) indicate that criminal cases have a different standard on appeal because the court is required to "search the record" for error. See Hill v. State, 409 So.2d 943
(Ala.Crim.App. 1981). Therefore, the cases cited by the wife do not appear to be applicable to the instant appeal.
In any event, the husband's motion to dismiss is denied, and the case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] We note that the wife's counsel on appeal was not counsel at trial.