Jeanette Robbins DUNCAN,
etc., Plaintiff,

v.

AMERICAN HOME ASSURANCE COM-
PANY, INC., An Insurance
Corporation; et al., Defendants.

Civ. A. No. 90V–98–N.

United States District Court,
M.D. Alabama, N.D.

Oct. 1, 1990.

George L. Beck, Jr., W. Terry Travis, Montgomery, Ala., for plaintiff.

James W. Garrett, Jr., Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, Ala., for defendants.

## OPINION

VARNER, District Judge.

This cause is now before the Court on Plaintiff's Motion for Summary Judgment filed herein June 22, 1990; on Defendants' Motion for Summary Judgment filed herein June 25, 1990; and on the materials submitted in support of and in opposition to said motions. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1332.

This case arises out of the self-inflicted death of Richard J. Robbins on January 3, 1984. Mr. Robbins died after jumping from the tenth floor of an Albuquerque, New Mexico, hotel. Mr. Robbins had entered an insurance contract on July 1, 1980, which provided for payment of $60,000.00 upon the death, under the terms of the policy, of the insured.[1] Plaintiff's claim under the policy following the death of Mr. Robbins was denied.

Plaintiff, individually and as Executrix of the Estate of Richard J. Robbins, deceased, brings this action, alleging breach of the

---

**1.** On January 13, 1983, Mr. Robbins was notified that Defendant, AIG Life Insurance Company, assumed liability for coverage under the insurance policy. [Ex. 4 attached to Plaintiff's Motion for Summary Judgment filed June 22, 1990]. The parties do not question that the proper insurer is sued.

insurance contract.[2] Plaintiff now moves for summary judgment. Defendants, likewise, move for summary judgment, arguing that, because of the insured's suicide, the policy's exclusion clause applies and that denial of Plaintiff's claim was proper.

"Rule 56(c) mandates the entry of summary judgment * * * against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *accord Kramer v. Unitas,* 831 F.2d 994, 997 (11th Cir.1987). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material fact*" [emphasis in original]. *Anderson v. Liberty Lobby,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party * * *. If the evidence is merely colorable * * * or is not significantly probative, summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249–50, 106 S.Ct. at 2511 [citations omitted]; *accord Brown v. City of Clewiston,* 848 F.2d 1534, 1537 (11th Cir.1988).

Defendants issued a policy to Mr. Robbins, which provides for payment of $60,-000.00 as follows:

"*If an accident* covered by the policy *causes* injury resulting in *loss of life* of the Insured * * * within 120 days of the date of the accident, the Company will pay on behalf of the Insured the Principal Sum stated in the Schedule" [emphasis added]. [Ex. 1 attached to Plaintiff's Motion, *supra* ].

An exclusion clause in the Part II of the policy states:

"This *policy does not cover any loss* to an Insured Person caused by or resulting *from:* (1) *suicide or* any attempt thereat by the Insured Person while sane or *self destruction* or any attempt thereat by the Insured Person *while insane;* (2) disease of any kind; (3) bacterial infections except pyogenic infections which shall occur through an accidental cut or wound; (4) hernia; (5) injury sustained in consequence of riding as a passenger or otherwise in any vehicle or device for aerial navigation, except as provided in Part 1; (6) declared or undeclared war or any act thereof; or (7) service in the military, naval or air service of any country" [emphasis added]. *Id.*

 This Court notes that, in determining the cause of death, there is a presumption against suicide under Alabama law. *Jefferson Standard Life Ins. Co. v. Wigley,* 248 Ala. 676, 29 So.2d 218 (1947). However, Plaintiff concedes that Mr. Robbins "died by his own hands". [Plaintiff's brief filed September 11, 1990, pp. 2–3]. Therefore, there is no genuine issue as to whether suicide was the cause of Mr. Robbins' death. Further, the death certificate, along with the coroner's report and the police report, stating that the cause of Mr. Robbins' death was suicide, would overcome the presumption against suicide. [Exhibits attached to Defendants' Submission filed August 31, 1990]. In the face of such evidence, the burden would be upon the Plaintiff to present evidence of a "reasonable conflicting inference against suicide". *Wigley, supra,* 29 So.2d at 221. Plaintiff presents no evidence that Mr. Robbins died other than by suicide,[3] or self-destruction while insane.

---

2. Plaintiff also seeks a declaratory judgment under Count II of the Complaint as to the applicability of CODE OF ALABAMA [1975], § 27–15–24(a)(2)e, which Plaintiff argues pertains to the insurance policy at issue. The applicability of said statutory provision will be discussed below.

3. Plaintiff argues that "felonious intent" of Mr. Robbins must be shown to establish suicide. Felonious intent is exhibited by "voluntary, intentional self destruction" and does not create a more stringent element of intent than that shown by the evidence discussed above. *Fleetwood v. Pacific Mutual Ins. Co.,* 246 Ala. 571, 21 So.2d 696, 700 (1945). The parties appear to agree that Alabama law is controlling.

■ Plaintiff next argues that Mr. Robbins was insane at the time of his self-inflicted death; that self-inflicted injury while insane is accidental; and that, therefore, the policy afforded coverage. Defendants argue that the policy's exclusion clause applies whether the decedent was sane or insane. There is a presumption of sanity under Alabama law. *Cordell v. Poteete*, 57 Ala.App. 645, 331 So.2d 400, 402 (1970). This Court finds, however, that evidence of Mr. Robbins' medical history creates a genuine issue as to Mr. Robbins' sanity at the time of his death.[4]

However, the policy's exclusion clause bars recovery in cases of "self-destruction or any attempt thereat by the Insured Person while insane." [Ex. 1 attached to Plaintiff's motion filed June 22, 1990]. Therefore, a plain reading of the policy would bar Plaintiff's recovery under the policy even if Mr. Robbins was insane.

■ Plaintiff also argues that CODE OF ALABAMA [1975], § 27–15–24, limits exclusion of benefits for suicide to two years from the date the policy was entered. Section 27–15–24(a) provides, in part:

"(a) No policy of *life insurance* shall be delivered or issued for delivery in this state if it contains any of the following provisions: * * * (2) A provision which excludes or restricts liability for death caused in a certain specified manner or occurring while the insured has a specified status; except, that a policy may contain provisions excluding or restricting coverage as specified therein in the event of death under any one or more of the following circumstances: * * * e. Death within two years from the date of issue of the policy as a result of suicide, while sane or insane."

Life insurance is defined in CODE OF ALABAMA [1975], § 27–5–2, as follows:

" 'Life insurance' is insurance on human lives. The transaction of *life insurance includes* also the granting of endowment benefits, *additional benefits in event of death* or dismemberment *by accident or accidental means*, additional benefits in event of the insured's disability, burial insurance and optional modes of settlement of proceeds of life insurance. Life insurance does not include workmen's compensation coverages." [Emphasis added].

Defendants argue that § 27–15–24 applies to life insurance policies and not to accident insurance policies, such as the policy in the instant case.[5] The application and policy in the instant case clearly provide coverage only in the case of an accidental death, [Ex. 1 & 2, attached to Plaintiff's motion filed June 22, 1990], not "additional benefit" to a life policy.

Further, the statute specifically states that it does not apply to certain types of insurance policies. Section 27–15–24(c) states:

"(c) *This section shall not apply to* group life insurance, *disability insurance*, reinsurance or annuities, or to any provision in a life insurance policy or contract supplemental thereto relating to disability benefits or to additional benefits in the event of death or dismemberment by accident or accidental means or to any provision relating to waiver of premium in event of death or disability of the beneficiary or premium payer." [Emphasis added].

Defendants present evidence that the policy falls within this exemption category.

4. Plaintiff presents medical records that indicate numerous instances of diagnosis and treatment of Mr. Robbins for mental illness. This includes treatment at a VA Hospital almost immediately prior to Mr. Robbins' death. Mr. Robbins was diagnosed during his stay as suffering from "paranoid disorder" and a "schizoid personality". [Ex. 18B, Plaintiff's Submission filed August 31, 1990].

5. Defendants cite two Alabama cases that make a distinction between life insurance and accident insurance. *National Life & Accident Ins. Co. v. Allen*, 285 Ala. 551, 234 So.2d 567, 569, 572 (1970) [different burdens of proof for claim under life insurance policy and claim under accidental death benefit **provision**]; *National Life & Accident Ins. Co. v. Lokey*, 166 Ala. 174, 52 So. 45, 46 (1910) [distinguishes insurance for injury resulting from accidental means from life insurance].

Defendants argue that the policy qualifies as "disability insurance". CODE OF ALABAMA [1975], § 27–5–4, defines "disability insurance" as:

" *'Disability insurance' is insurance* of human beings *against* bodily injury, disablement or *death by accident* or accidental means, or the expense thereof, or against disablement or expense resulting from sickness and every insurance appertaining thereto. Disability insurance does not include workmen's compensation coverages." [Emphasis added].

It is clear that the accidental death policy in the instant case is a type of disability insurance specifically exempted from the requirements of CODE OF ALABAMA [1975], § 27–15–24.[6] The exclusion provision of the insurance policy, therefore, applies and bars Plaintiff's recovery due to Mr. Robbins' undisputed act of self-destruction.

Therefore, Defendants' said Motion for Summary Judgment is due to be granted and Plaintiff's Motion for Summary Judgment is due to be denied.

---

**6.** Further, Defendants present some evidence that the policy is a "group policy" under the exemption provision of the statute. [Ex. 4 attached to Defendants' motion filed June 22, 1990]. This Court will not approach that question.