The appellant, Robert Lee Fair, Jr., was convicted of driving under the influence of alcohol. He was fined $250.00 and was ordered to pay the court costs.
The appellant initially argues that the trial court erred in refusing to grant his request for an official court reporter to transcribe the proceedings. We observe that no transcript of the proceedings in the trial court was filed with this court. There is no indication in the certified record on appeal that the appellant ever requested that a court reporter transcribe the proceedings. Three other written pretrial motions are part of the record. The only time that this request appears in the record is in the motion for a new trial. As this court has previously said:
 "As a general rule, it has been firmly established that the reviewing court may only consider matters contained in the record as it is filed on appeal. Harris v. State, 57 Ala. App. 558, 329 So.2d 618 (1976); Blakely v. State, 28 Ala. App. 574, 190 So. 102 (1939). This principle often finds expression in the phrase that the appellate courts are 'bound by the contents of the record.' [citations omitted]."
Lucy v. State, 340 So.2d 840, 843 (Ala.Cr.App. 1976), cert. denied, 340 So.2d 847 (Ala. 1976).
The appellant in the instant case has undertaken to file a "Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript Is Unavailable," pursuant to Rule 10(d), A.R.App.P. This rule, however, is not applicable to criminal cases. The committee comments to Rule 10 ("The Record on Appeal") state that "[t]he general rule is that there will be no designation of the record in criminal appeals." See alsoPerkins v. Perkins, 465 So.2d 414 (Ala.Civ.App. 1984); Hill v.State, 409 So.2d 943 (Ala.Cr.App. 1981). There is no designation of the record because of the nature of a criminal prosecution. Civil cases have a different standard on appeal than do criminal cases. See Perkins. The parties may not simply agree to the facts, the evidence, and the proceedings that constitute the record on appeal in a criminal case in this state. Thus, we will not consider an attempted designation of the record, such as the appellant's filing, as an official part of the record in a criminal proceeding.
The appellant asserts in his brief that an oral request for an official court reporter was made prior to the commencement of the proceedings and that he did not *Page 259 
waive his right to have a court reporter transcribe the proceeding. However, we find nothing in the record to support this assertion.
The circuit court is charged with providing an official reporter whenever a party to the proceeding requests one. Section 12-17-275, Code of Alabama 1975. However, our Supreme Court has stated in White v. State, 403 So.2d 292 (Ala. 1981): "The duty is not on the defendant to request a court reporter. He is entitled to a court reporter but can waive the right." It is not clear whether the appellant had an affirmative duty to request a court reporter. The state cites § 12-17-275, Code of Alabama 1975, and argues that the appellant must request a court reporter. White seems to say he does not have to make a request.
In any event, we need to be clear on the facts before we proceed. Thus, we remand this case to the Circuit Court for Jefferson County for that court to hold an evidentiary hearing to determine 1) whether the appellant requested that the case be reported prior to trial, and 2) if the trial court determines that no request was made, then to ascertain whether the appellant waived his right to have a court reporter. The circuit court should return its findings to this court within 90 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.