The appellant, Autry Delaine Daughtry, pleaded guilty to burglary in the third degree, a violation of § 13A-7-7, Code of Alabama 1975. He was sentenced as a habitual offender to 20 years in prison. No transcript was made of the guilty plea hearing or of the sentencing hearing.[1]
On appeal, the appellant questions the trial court's application of the Habitual Felony Offender Act. Specifically, he argues *Page 1286 
that the state presented no record of his prior convictions. The state argues that there is nothing in the record to indicate that the issue that the appellant raises concerning his being sentenced as a habitual offender has been preserved for purposes of appeal.
However, the record reflects that no court reporter was present either at the appellant's plea hearing or during his sentencing hearing. A defendant has a right to have a court reporter present to transcribe the proceedings. See Fair v.City of Birmingham, 586 So.2d 257 (Ala.Cr.App. 1991). There is absolutely no indication in the certified record, which has been filed with this court, of any prior convictions of the appellant. Thus, we find it necessary to reverse the judgment and remand this case to the Circuit Court for Mobile County in order that the trial court may conduct another plea hearing and another sentencing hearing. Due return should be filed with this court in not more than 90 days from the date of this opinion.
REVERSED AND REMANDED.
All the Judges concur.
[1] We note that a record was filed with this court, however, it did not include a transcript of the proceedings in which the appellant pleaded guilty. The record only includes the indictment and other papers which were filed with the circuit court.