This is a post-divorce case.
From the scant record, it appears that the father appeals from an order denying his requested modification of the visitation provisions of a divorce judgment. The record contains neither a transcript of the hearing nor an evidentiary statement pursuant to Rule 10, A.R.App.P. Further, antithetic to the rules and case law, the father attempts to supply factual information and to broaden the record in his brief.
An appellate court does not presume error; the appellant has the affirmative duty of showing error. Perkins v. Perkins,465 So.2d 414 (Ala.Civ.App. 1984). Appellate review is limited to the record and cannot be altered by statements in briefs.Bechtel v. Crown Central Petroleum Corp., 451 So.2d 793
(Ala. 1984). Error asserted on appeal must be affirmatively demonstrated by the record. If the record does not disclose the facts upon which the asserted error is based, the error may not be considered on appeal. Liberty Loan Corp. of Gadsden v.Williams, 406 So.2d 988 (Ala.Civ.App. 1981). Additionally, evidence presented to the trial court that is not preserved in the record on appeal is conclusively presumed to support the trial court's judgment. English v. English, 352 So.2d 454
(Ala.Civ.App. 1977).
The father simply fails to provide this court with anything to review on appeal; therefore, this case is affirmed. The mother's request for sanctions pursuant to Rule 38, A.R.App.P. is denied; however, she is granted $250 for an attorney's fee for this appeal.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.