CRAWLEY, Judge,
dissenting.
I dissent. Without a transcript of the hearing on the wife’s motion to modify the divorce judgment, there is no way for this court to determine whether the wife’s arguments have probable merit. We cannot put the trial court in error without knowing what issues were litigated and resolved at the hearing and what the factual basis for the court’s judgment was.
As the appellant, the wife has the duty of seeing that any error asserted on appeal is affirmatively demonstrated by the record. See Perkins v. Perkins, 465 So.2d 414 (Ala.Civ.App.1984). If the record does not disclose the facts upon which the asserted error is based, the error may not be considered on appeal. Liberty Loan Corp. of Gadsden v. Williams, 406 So.2d 988 (Ala.Civ.App.1981). Evidence presented to the trial court but not preserved in the record on appeal is conclusively presumed to support the trial court’s judgment. English v. English, 352 So.2d 454 (Ala.Civ.App.1977). See generally Greer v. Greer, 624 So.2d 1076 (Ala.Civ.App.1993). I would affirm the trial court’s denial, without a hearing, of the wife’s post-judgment motion.