COBB, Judge.,
James Allen Schilling appealed his conviction for driving under the influence (“DUI”) in the Municipal Court for the City of Truss-ville to the Circuit Court of Jefferson County for a trial de novo. A jury convicted Schilling in the Circuit Court of Jefferson County of driving under the influence of alcohol, a violation of § 32-5A-191, Ala.Code 1975. Schilling was sentenced to 12 months in prison; that sentence was suspended, and he was placed on 12 months’ probation, conditioned upon his not being charged with any more DUI’s during this time and his completion of 30 days of community service and completion of Level III of the DUI Court Referral Program. He was also ordered to pay a fíne of $500 plus court costs. (C.7.)
Before the trial in the circuit court, Schilling filed a motion asking the circuit court to furnish a court reporter to transcribe the trial. The court denied his request. The case action summary sheet contains the following notation:
“9-16-97-Prior to the time a jury was sent to this court for voir dire proceedings, Defendant’s attorney made an oral motion, in open court, to have this Court appoint/furnish a ‘free’ court reporter for the Defendant. Defendant’s attorney stated he was making this motion only because of there being a possibility of Defendant getting jail time, due to the fact that this would be Defendant’s second DUI. Defendant’s oral motion was denied, and Defendant was given the opportunity to obtain his own court reporter; however, Defendant declined to do so. This Court notes for the record that at no time did Defendant or his attorney mention anything about Defendant’s financial status as a reason why he wanted this Court to furnish him with a ‘free’ court reporter.”
(C.5.)
On appeal,' Schilling argues that the circuit court’s denial of his motion for a court reporter to transcribe the trial denied him his procedural rights to due process. We agree.
The State argues that because the appellant does not argue that the trial court made any adverse rulings, the issue whether a court reporter was necessary is irrelevant. The State also asserts that a defendant is not entitled' to a ‘court reporter unless he receives jail time. We disagree. Schilling had a right to a court reporter, regardless of whether errors occurred in the trial' that followed his request and regardless of whether or not he received a .jail sentence. “The circuit court is charged with providing an official coupt reporter whenever a party to the proceeding requests one.” Fair v. City of Birmingham, 586 So.2d 257, 258 (Ala.Cr. App.1991). See also Daughtry v. State, 587 So.2d 1285 (Ala.Cr.App.1991).
The State misapplies § 12^17-270, Ala. Code 1975, in its argument. This section states:
“Each of the judges of the circuit courts of this state shall appoint a competent person to perform the duties of official court reporter of the courts in the circuit over which said judge presides.”
The State argues that the Tenth Judicial Circuit, and, thereby, Jefferson County, is not required to appoint a court reporter because “[t]he provisions of [Section 12-17-270] shall not apply to circuits which consist of only one county and have three or more judges.” § 12-17-270, Ala.Code 1975. However, § 12-17-270 addresses the appointment of an official court reporter to a circuit — not to a particular case to be tried.
*240 As noted above, the circuit court must provide an official court reporter whenever a party to the proceeding requests one. Fair v. City of Birmingham, 586 So.2d 257, 258 (Ala.Cr.App.1991). See also Daughtry v. State, 587 So.2d 1285 (Ala.Cr.App.1991). Section 12-17-275 sets out the duties of an official court reporter as follows:
“ The official court reporter shall attend in person, except as otherwise herein provided, the sessions of court held in the circuit for which he is appointed, and in every case, where directed by the judge or requested by a party thereto, he shall take full stenographic notes of the oral testimony and proceedings, except argument of counsel, and note the order in which all documentary evidence is introduced, all objections of counsel, the rulings of the court thereon and exceptions taken or reserved thereto.”
(Emphasis added.) It is evident here that the circuit court denied the appellant his right to have a court reporter present to transcribe the proceedings against him.
The case action summary sheet notes that Schilling did not make a showing of indigency before he requested that the trial be transcribed. Absent a showing of indi-gency, the defendant is accountable for the fee for the court reporter, which is taxed as part of the assessment of court costs. § 12-17-277, Ala.Code 1975. However, a circuit court’s duty to appoint a court reporter in a particular case is not contingent upon a defendant’s showing of indigency.
The State also argues that the appellant was not denied due process of law because a substitute to a trial transcript was available through the application of Rule 10(d), Ala.R.App.P. However, Rule 10(d) is not applicable to criminal cases. Fair v. City of Birmingham, 586 So.2d 257, 258 (Ala.Cr.App.1991). “The general rule is that there will be no designation of the record in criminal appeals.” Committee Comments to Rule 10, Ala.RApp.P. Due to the nature of a criminal prosecution, the “parties may not simply agree to the facts, the evidence, and the proceedings that constitute the record on appeal in a criminal case in this state.” Fair, 586 So.2d at 258.
The circuit court is a court of record. Unless its presence is waived by the defendant, a court reporter is required by law for a criminal trial. Therefore, we must reverse the judgment and remand the case to the circuit court for a new trial.
REVERSED AND REMANDED.
All the Judges concur.