MONROE, Judge.
Sandra Stephens sued her home builder, Alpha & Omega Builders, and, after trial, was awarded a $9,730 judgment. Stephens then filed a verified complaint against the Alabama Home Builders Li-censure Board and its Recovery Fund, seeking to recover the amount of the judgment against Alpha & Omega, as authorized by § 34-14A-15, Ala.Code 1975. . After a hearing, the trial court ordered that Stephens recover $11,088.50 from the fund, that amount including $1,358.50 in post-judgment interest. The board appeals.
The board contends that the trial court erred in holding that its recovery fund is liable to Stephens for payment on her judgment against Alpha & Omega because, it says, the conduct resulting in the judgment against the builder occurred before Alpha & Omega was licensed by the board. However, there is no evidence in the record on appeal to support this contention. • The transcript of the hearing in Stephens’s case against Alpha & Omega is not part of the record on appeal. In its appellate brief, the board refers us to an unsigned, unnotarized “affidavit” purportedly from J.R. Carden, Jr., the board’s executive director and custodian of records, in which he states that Alpha & Omega was not licensed until after Stephens’s home was completed. However, because the affidavit is not signed, it does not constitute admissible evidence. See Rule 56(e), Ala. R. Civ. P.; Couch v. City of Sheffield, 708 So.2d 144 (Ala.1998); and Black’s Law Dictionary, “Affidavit” (6th ed.1990). We find no other evidence in the record indicating that Alpha & Omega was *880 unlicensed during the time in question. Because no evidence in the record supports the board’s contention that Alpha & Omega was unlicensed when it built Stephens’s home, its argument as to this issue must fail.'
The board also argues that the judgment against Alpha & Omega was not based upon a violation of the home builders licensure law or rules and regulations of the board. The trial court’s judgment against Alpha & Omega does not state the grounds on which it was based, and, as pointed out above, no transcript of that bench trial appears in the record on appeal. The burden is on the appellant to provide this court with a record containing sufficient evidence to warrant reversal. Gotlieb v. Collat, 567 So.2d 1302 (Ala.1990).
“Error asserted on appeal must be affirmatively demonstrated by the record. If the record does not disclose the facts upon which the asserted error is based, the error mhy not be considered on appeal. Liberty Loan Corp. of Gadsden v. Williams, 406 So.2d 988 (Ala.Civ.App.1981). Additionally, evidence presented to the trial court that is not preserved in the record on appeal is conclusively, presumed to support the trial court’s judgment. English v. English, 352 So.2d 454 (Ala.Civ.App.1977).”
Greer v. Greer, 624 So.2d 1076, 1077 (Ala.Civ.App.1993). Because we have no way to determine why the judgment was entered against Alpha & Omega,, the judgment must be affirmed as to this issue, as well.
The board also contends that the trial court' erred in allowing Stephens to recover, postjudgment interest from the fund. The statute authorizing the board’s recovery fund reads in pertinent part as follows.
“The board is authorized to establish a recovery fund from which an aggrieved party may recover actual economic damages, not including interest and court costs, sustained within the State of Alabama as the direct result of conduct of a licensee in violation of this chapter or the rules and regulations of the board.”
§ 34-14A-15, Ala.Code 1975 (emphasis added). The wording of the statute excludes interest from the relief available from the fund; thus, it appears that the trial court exceeded its authority in awarding postjudgment interest. For that reason, that portion of the judgment of the trial court allowing Stephens to recover postjudgment interest from the board’s recovery fund is reversed. The remainder of the judgment is affirmed. The case is remanded for the circuit court to enter a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in the result.