LONG, Presiding Judge.
After appealing for a trial de novo in the circuit court, the appellant, Christopher Jerome McCree, pleaded guilty to two counts of driving while his license was revoked, one count of speeding, and one count of operating his car radio at a level that was audible in excess of five feet from the automobile. He was sentenced to 180 days in jail for each count of driving while his license was revoked; the sentences were suspended and he was ordered to serve 90 days in jail for each of those convictions, to run concurrently. McCree was sentenced to five days in jail for speeding, and that sentence was ordered to run concurrently with his other sentences. He was fined $50 for operating his car radio at a level audible in excess of five feet from the automobile.
Before pleading guilty in the circuit court, McCree filed a motion requesting the circuit court to furnish a court reporter to transcribe all proceedings in the circuit court. That motion was denied. “The circuit court is a court of record.” Schilling v. City of Trussville, 715 So.2d 238, 240 (Ala.Cr.App.l998)(emphasis added). Consequently, “[t]he circuit court is charged with providing an official court reporter whenever a party to the proceeding requests one.” Fair v. City of Birmingham, 586 So.2d 257, 258 (Ala.Cr.App.l991)(emphasis added). An accused has the “right to a court reporter, regardless of whether errors occurred in the trial that followed [the] request and regardless of whether or not [the accused] received a jail sentence.” Schilling, 715 So.2d at 239. See also Daughtry v. State, 587 So.2d 1285 (Ala.Cr.App.1991). The trial court erred in denying McCree’s request for a record of the proceedings in the circuit court.
*990 Accordingly, we must reverse McCree’s convictions and remand this cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.