BRYAN, Judge.
Karen Denise Simpson (“the mother”) appeals a judgment in a postdivorce proceeding insofar as it modified the child-support obligation of John David Simpson (“the father”). We affirm in part, reverse in part, and remand.
The parties divorced in 1999. The divorce judgment awarded the mother primary physical custody of the parties’ minor child and ordered the father to pay child support in the amount of $687 per month. On July 16, 2003, the father filed a petition seeking, among other things, a reduction of his child-support obligation on the ground that the mother’s income had allegedly increased materially since the entry of the divorce judgment. The trial *404 court received ore tenus and documentary-evidence on April 19, 2005. Following the April 19 hearing, the trial court filed a CS-42 Child Support Guidelines form containing the following information:
“Monthly Gross Income “[Father] [Mother] Combined $ 6,058 $2,422 —
[[Image here]]
“Monthly Adjusted Gross Income 6,058 $2,422 3,480
“Percentage Share of Income 71% 29%
“Basic Child Support Obligation 924
[[Image here]]
“Health Insurance Costs 499
“Total Child Support Obligation 1,423
“Each Parent’s Child Support Obligation $1,010.33 $412.67
“Adjustment for Payment of Health Insurance — $ 499 - 0
“Recommended Child Support Order $ 511.33 $412.67 —”
On May 24, 2005, the trial court entered a judgment that, among other things, reduced the father’s child-support obligation to $511.33 effective July 16, 2003, the date the father had filed his petition. After filing an untimely postjudgment motion, the mother timely appealed the judgment to this court.
We will first consider the mother’s second argument on appeal. Her second argument is that the trial court erred because, the mother says, it recalculated the father’s child-support obligation effective July 16, 2003, despite an absence of any evidence tending to prove the amount of the mother’s income in 2003 and 2004. However, the mother, in her transcript purchase order, directed the court reporter to transcribe only the father’s testimony at the April 19 hearing — she did not direct the court reporter to transcribe the mother’s own testimony at that hearing. Therefore, the record before us does not contain a full transcript of the April 19 hearing. In Greer v. Greer, 624 So.2d 1076 (Ala.Civ.App.1993), this court stated:
“An appellate court does not presume error; the appellant has the affirmative duty of showing error. Appellate review is limited to the record and cannot be altered by statements in briefs. Error asserted on appeal must be affirmatively demonstrated by the record. If the record does not disclose the facts upon which the asserted error is based, the error may not be considered on appeal. Additionally, evidence presented to the trial court that is not preserved in the record on appeal is conclusively presumed to support the trial court’s judgment.”
624 So.2d at 1077 (citations omitted).
Because the mother did not include her testimony in the record on appeal, we must conclusively presume that her testimony supported the trial court’s finding that the mother’s income was $2,422 per month during the period from July 16, 2003, *405 through April 15, 2005. Greer v. Greer, supra. Accordingly, we cannot reverse the trial court’s judgment on the basis of the mother’s second argument on appeal.
As to her first argument on appeal, the mother argues that the trial court erred in its calculation of the father’s modified child-support obligation because, the mother says, the trial court based its calculation on an erroneous finding that the father’s monthly adjusted gross income was $6,058. The mother argues that the undisputed evidence established that the father’s annual gross income in 2005 was $75,000, which equates to a monthly adjusted gross income of $6,250 rather than $6,058.
The undisputed evidence established that the father’s monthly adjusted gross income during the period from July 16, 2003, through December 31, 2003, was $6,015; that his monthly adjusted gross income during 2004 was $6,058; and that his monthly adjusted gross income became $6,250 effective in 2005. Consequently, the trial court’s calculation of the father’s modified child-support obligation for 2004 was correct; however, it was erroneous for the period from July 16, 2003, through December 31, 2003, and for the period subsequent to 2004. Accordingly, we affirm the trial court’s judgment insofar as it calculated the father’s modified child-support obligation for 2004, and we reverse the trial court’s judgment insofar as it calculated the father’s modified child-support obligation for the period from July 16, 2003, through December 31, 2003, and for the period subsequent to 2004. We remand the case to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON and MURDOCK, JJ„ concur.
CRAWLEY, P.J., and PITTMAN, J., concur in the result, without writing.